PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

FEB 28 2000

MICHAEL N. MILBY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___CORPUS CHRISTI___ Division

PETITION FOR A WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

___CLIFTON RAY CHOYCE___
**PETITIONER**
(Full name of Petitioner)

___W.G. McConnell Uint___
**CURRENT PLACE OF CONFINEMENT**

vs.

___380334___
**PRISONER ID NUMBER**

___GARY L. JOHNSON___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

___C-00-086___
**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

---

# PETITION

## What are you challenging? (Check <u>only</u> one)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation   (Answer Questions 1-4, 5-12 & 20-23)
- ☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14, & 20-23)
- ☒ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TEXAS

2. Date of judgment of conviction: JULY 9, 1984

3. Length of sentence: 50 years

4. Nature of offense and docket number (if known): AGGRAVATED ROBBERY; CAUSE NO. W84-74813-RT

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☐ Not Guilty     ☐ Guilty     ☐ Nolo contendere

6. Kind of trial: (Check one)   ☐ Jury     ☐ Judge Only

-2-

CONTINUED ON NEXT PAGE

7. Did you testify at the trial?  ☐ Yes  ☐ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal?

   _____ Cause Number (if known) _____

   What was the result of your direct appeal (affirmed, modified or reversed):_____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: _____

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☐ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

    _____

    Grounds raised: _____

- 3 -

CONTINUED ON NEXT PAGE

Date of final decision: _____

Name of court that issued the final decision: _____

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?
            ☐ Yes   ☐ No

 (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

   _____
   _____

 (b) Give the date and length of the sentence to be served in the future: _____

   _____

 (c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

   ☐ Yes   ☐ No

## Parole Revocation:

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐ Yes    ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☒ Yes    ☐ No

16. Are you eligible for mandatory supervised release?   ☒ Yes    ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation: W.G. MCCONNELL UNIT IN BEE COUNTY, TEXAS

    Disciplinary case number: 990118440

18. Date you were found guilty of the disciplinary violation: DECEMBER 21, 1998

    Did you lose previously earned good-time credits?   ☒ Yes    ☐ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: I LOST 500 DAYS OF GOOD-TIME CREDITS; AND WAS REMAIN LINE 3.

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☒ Yes    ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: OFFICE FINDS INSUFFICIENT REASON TO OVERTURN DECISION OF UDHO AND STAND AS RENDERED.

    Date of Result: MARCH 3, 1999

    Step 2 Result: APPEAL DENIED. OFFICE FINDS INSUFFICIENT GROUNDS TO WARRANT OVERTURNING THE CASE.

Date of Result: _JUNE 14, 1999_____

**All applicants must answer the remaining questions:**

20. State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    **CAUTION:**
    <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
    <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a) Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the use of a coerced confession.

(c) Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d) Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g) Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of the right to appeal.

(k) Violation of my right to due process in a disciplinary action taken by prison officials.

A.  **GROUND ONE:** Petitioner was deprived of an impartial disciplinary hearing:

Supporting FACTS (tell your story briefly without citing cases or law):

The Unit Disciplinary Hearing Officer and Counsel Substitute fabricated officer Hester statement against the Petitioner. Officer Hester did not testify at the first hearing in this cause which occurred February 16, 1995; Yet his statement which was allegedly taken over the phone on December 18, 1998, by Counsel Substitute Bunton, are identical to those of 1995.

B.  **GROUND TWO:** The Petitioner's due process rights to call and cross-examine a witness was violated:

Supporting FACTS (tell your story briefly without citing cases or law):

The Petitioner call officer Hester who was in the control picket on the night of the incident. But officer Hester was not brought in to testify. Nor was he avilable to be cross-examined by the Petitioner. Instead his statement (allegedly) was structured against the Petitioner.

C.  **GROUND THREE:** Petitioner was prejudiced by being retried in this case:

Supporting FACTS (tell your story briefly without citing cases or law):

The Disciplinary Hearing Officer was arbitrary and capricious. He found Petitioner guilty just for being present during the alleged riot. He claim that he reviewed the videotape of the incident, and that it show the Petitioner milling around the dayroom in a leadership role disobeying staff orders to go (GROUND CONTINUED ON NEXT PAGE).

to his cell. Contrary to what United States Magistrate Judge B. Janice Ellington observed when she viewed the same videotape herself.

Further, the Disciplinary Hearing Officer was so bias he: (1) had petitioner handcuffed before he was permitted to enter into the hearing room, for a hearing on this 1995 infraction; (2) found the petitioner guilty of the lesser included offense of refusing to obey orders which was dismissed at the original hearing in 1995; and (3) assessed punishment at 500 days of loss good-time credits; the same previously taken by the 1995 Hearing Officer. It appeared he had already decided the case at hand.

Evidence was fabricated against the petitioner in this case. Sgt. Ambriz, the charging officer who could not testify at the 1995 hearing that petitioner actually participanted in the alleged riot, now testified at the 1998 hearing that petitioner done all sort of things. Petitioner was prejudiced by being retried in this case.

D. **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

21. Have you previously filed a federal habeas petition attacking the same ~~conviction or same~~ ~~sentence or~~ disciplinary proceeding that you are attacking in this petition?

        [X] Yes        [ ] No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

Petitioner initially filed this petition under 42 U.S.C. § 1983 on October 24, 1995. But due to the nature of Petitioner's claims, his complaint was treated as a habeas corpus. He was granted limited relief, by U.S. Magistrate Judge B. Janice Ellington, at the Corpus Christi Division.

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

        [ ] Yes        [X] No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

CONTINUED ON NEXT PAGE

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐ Yes      ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

*Clifton Choyce*
Signature of ~~Attorney (if any)~~ PETITIONER

CLIFTON CHOYCE #380334

3001 S. Emily DR.

Beeville, Texas 78102

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ____FEBRUARY 22, 2000____ (month, date, year).

Executed on ____FEBRUARY 22, 2000____ (date).

*Clifton Choyce*
Signature of Petitioner (required)

Petitioner's current address: 3001 S. Emily Dr., Beeville, Texas 78102

- 9 -