IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| *CLIFTON RAY CHOYCE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

**RESPONDENT JOHNSON'S MOTION FOR SUMMARY JUDGMENT
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("the Director"), by and through the Attorney General of Texas, and files this Respondent Johnson's Motion For Summary Judgment with Brief in Support. The Director would respectfully show the court the following:

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by petitioner, Clifton Ray Choyce, ("Choyce"), except for those allegations supported by the record and for those allegations specifically admitted in this motion.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Choyce pursuant to a judgment and sentence from

the 283rd District Court of Dallas County, Texas, in cause number F84-74813-RT. Exhibit A (copy of commitment inquiry). Choyce pleaded not guilty to aggravated robbery. Exhibit A. On July 10, 1984, the court found Choyce guilty of the charged offense and assessed punishment at fifty years confinement. Exhibit A.

A procedural history of any appeal or applications for state writ of habeas corpus challenging the conviction is not necessary for the resolution of the instant petition because the holding conviction is not at issue. Rather, Choyce is challenging his rehearing[1] in prison disciplinary proceeding number 990118440 from December 21, 1998, wherein he was found guilty of participating in a riot and refusing to obey orders. Exhibit B (copy of TDCJ-ID disciplinary report and hearing record) at 1. As punishment, Choyce lost 500 days of good time credits. Exhibit B at 1.

Choyce subsequently challenged the disciplinary action claiming generally that he was denied the right to cross-examine a witness, that the hearing officer was arbitrary and capricious, and that Officer Hester's statement was fabricated by the hearing officer and counsel substitute. Exhibit C (copy of inmate grievance forms) at 2, 3. Choyce's grievances were denied on March 3, 1999, and again on June 14, 1999. Exhibit C at 3, 2.

## IV.

## RECORDS

Complete trial court records pertaining to Choyce's holding conviction are not necessary to resolve this matter and will not be forwarded to the court. Copies of the records pertaining to Choyce's prison disciplinary proceeding are attached to this motion as exhibits.

---

[1] Choyce previously filed a federal writ petition with this court challenging his initial disciplinary hearing held on February 16, 1995. *Choyce v. Johnson*, Civil Action No. C-95-554. In that case, this court granted limited habeas corpus relief by ordering the Director to either hold a new disciplinary hearing or restore petitioner's 500 days of lost good time credits.

CWPDF - www.fenlio.com

# V.

## PETITIONER'S ALLEGATIONS

As grounds for relief, the Director understands Choyce to make the following allegations regarding disciplinary case number 990118440:

1. He was deprived of an impartial disciplinary hearing because the testimony from officer Hester was identical to those statements made in the 1995 hearing.

2. His due process rights were violated because he was denied the right to call and cross-examine a witness (Officer Hester).

3. He was prejudiced by being retried.

4. His hearing officer was arbitrary, capricious, and biased because he appears to have decided the case prior to the hearing since he gave the same 500 day loss of good time credits as punishment.

Fed. Writ Petition at 7-8.

# VI.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Choyce has adequately exhausted the available state administrative remedies with regard to the complaints raised in this petition. Exhibit C. The Director, therefore, does not move for dismissal for failure to exhaust state remedies.

# VII.

## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT

**Standard of Review**

A party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. FED. R. CIV. P. 56(c); *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing,

3

then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Id.*; *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). A party opposing a properly supported motion for summary judgment must present "significant probative" evidence indicating that there is a triable issue of fact; however, if the evidence is not significantly probative, then summary judgment should be granted. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250, 106 S. Ct. 2505, 2510 (1986).

After reviewing the relevant case law and disciplinary records, this court should grant the Director's motion for summary judgment because Choyce fails to prove that his constitutional rights have been violated in the disciplinary hearing as a matter of law.

**Prison Disciplinary Hearing Number 990118440.**

Prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). Prisoners, however, "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877 (1979); *see Turner v. Safley,* 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987) (recognizing that prison walls do not separate inmates from their constitutional rights). Indeed, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights" of convicted prisoners. *Bell*, 441 U.S. at 546, 99 S. Ct. at 1878. As a result, courts must accord "wide-ranging deference" to the adoption and execution of policies and practices that are needed "to preserve internal order and discipline and to maintain institutional security" in prisons. *Id.* at 547, 99 S. Ct. at 1878.

The Supreme Court has specifically ruled that prison disciplinary proceedings:

> "...take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so. Some

4

> are first offenders, but many are recidivists who have
> repeatedly employed illegal and often very violent means to
> attain their ends. They may have little regard for the safety of
> others or their property or for the rules designed to provide an
> orderly and reasonably safe prison life. Although there are
> many varieties of prisons with different degrees of security, we
> must realize that in many of them the inmates are closely
> supervised and their activities controlled around the clock.
> Guards and inmates co-exist in direct and intimate contact.
> Tension between them is unremitting. Frustration, resentment,
> and despair are commonplace."

*Wolff*, 418 U.S. at 561-562, 94 S. Ct. at 2977. It is with this scenario in mind that this court must make its constitutional judgments, remembering that "the proceedings to ascertain and sanction misconduct themselves play a major role in furthering the institutional goal of modifying the behavior and value systems of prison inmates sufficiently to permit them to live within the law when they are released." *Id.* at 562-63, 94 S. Ct. at 2978.

## A.    Choyce's Due Process Rights Were Not Violated. (Claim #2)

Choyce claims that his due process rights were violated because he was denied the right to call and cross-examine a witness (Officer Hester). Fed. Writ Petition at 7. However, the record clearly shows that Choyce was accorded all his due process protections. Therefore, because Choyce received all of the due process to which he is entitled under *Wolff*, his claim is without merit and should be dismissed.

The touchstone of due process is freedom from arbitrary governmental action. *Wolff*, 418 U.S. at 558, 94 S. Ct. at 2976. In this context, constitutional due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-567, 2978-2980. The findings of the prison disciplinary board must be supported by "some facts" or "any evidence at all". *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

5

Choyce was given all the due process required by *Wolff*. First, on December 18, 1998, Choyce was notified of the hearing. Exhibit B at 2. The disciplinary report shows that the hearing was held three days later on December 21, 1998. Exhibit B at 2. Choyce was provided with a counsel-substitute to aid in his defense at the disciplinary hearing. Exhibit B at 2.

Second, Choyce was aware of the charges against him, and he had the opportunity to present relevant evidence in his defense. Exhibit B at 2, 7. The hearing record indicates that while Choyce was not able to present two witnesses that he had requested because they were not able to attend the hearing given the fact that neither witness was located at the McConell Unit, he was allowed to present documentary evidence at the hearing. Exhibit B at 12. Specifically, he was able to present a statement from inmate Hicks, which stated that he was not involved in the riot, and a statement from Officer Hester detailing the incident and Choyce's involvement in the riot and refusal to obey orders. Further, Choyce (through his counsel substitute) was allowed to cross-examine the charging officer during the hearing. Exhibit B at 12. Furthermore, Choyce was allowed to submit the videotape of the incident to the hearing officer, who explicitly stated that he reviewed the tape.[2] Exhibit B at 2. While Choyce alleges that his due process rights were violated because Officer Hester was not at the hearing and that he was thus denied the opportunity to cross-examine him, this claim fails to state a due process violation because there is no right to cross-examination in the first place in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68, 94 S. Ct. at 2980 (We think that the Constitution should not be read to impose the procedure [cross-examination] at the present time and that adequate bases for decision in prison disciplinary cases can be arrived without cross-examination.). As a result, the record clearly shows that Choyce was allowed

---

[2] In his previous federal writ petition, Choyce complained that his due process rights were violated because the hearing officer did not view and consider the videotape of the incident in making the guilt determination. Therefore, TDCJ gave Choyce a rehearing, wherein the videotape was viewed and considered by the hearing officer.

to present ample evidence in his defense.

Third, Choyce was provided with a written statement of the evidence relied upon and the reason for the disciplinary action. Exhibit B at 2. The disciplinary report shows that Choyce was found guilty of participating in a riot and refusing to obey orders and that the hearing officer relied upon the charging officer's report and testimony at the hearing, Officer Hester's statement, and the videotape of the riot to support his decision. Exhibit B at 2. Further, the report states that the reason for the punishment was because of the "deterrent value of the punishment." Exhibit B at 2.

Additionally, Choyce has fully pursued the two-step Offender Grievance Procedure. Exhibit C at 2-3. Choyce's first grievance was denied on March 3, 1999, because his proceeding were handled in accordance with department regulations and relevant court decision. Exhibit C at 3. Choyce's second grievance was denied on June 14, 1999, because his hearing was handled according to policy. Exhibit C at 2. Choyce is now simply unhappy with the results of the proceedings. Choyce received all the due process to which he was entitled under *Wolff*. As a result, his claim lacks merit and must be denied.

**B.**     **Choyce claim that he was deprived of an impartial hearing fails to raise a due process violation and thus must be dismissed. (Claim #1)**

Choyce claims that he was deprived of an impartial disciplinary hearing because the statement from Officer Hester was identical to those statements made in the previous hearing. Fed. Writ Petition at 7. However, this claim fails to raise a due process violation. Exhibits B, C. Therefore, this claim lacks merit and must fail.

Choyce's claim that Officer Hester's statements were the same in the previous hearing fails to raise a due process concern. Fed. Writ Petition at 7. The only due process protections that Choyce is entitled to are those enunciated in *Wolff*. Further, it has already been shown that all due process protections were provided in Choyce's hearing. *See* Discussion Part VII. A., *supra*. Therefore, because Choyce has failed to raise a claim that is

7

a due process concern, Choyce cannot show that his due process rights were violated. Accordingly, this claim is meritless and must fail.

**C.     Choyce's claim that he was prejudiced by being retried lacks merit and must fail.  (Claim #3)**

Choyce's claim that he was prejudiced by being retried seems to be a reference to a possible double jeopardy complaint. Fed. Writ Petition at 8.  However, given the fact that a guilty finding in a disciplinary hearing is not a conviction, there is no way for double jeopardy to apply.  *See Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) (The Texas Department of Criminal Justice, Institutional Division is not a state court, and the application of good conduct time is not a judgment.).  As a result, this claim lacks merit and must be dismissed.

**D.     Choyce's claim that the hearing officer was arbitrary, capricious, and biased is conclusory and must fail.**

Choyce claims that the hearing officer was arbitrary, capricious, and biased because the hearing officer seemed to have already decided the case prior to the hearing since he assessed the same punishment as the first hearing.  Fed. Writ Petition at 8.  However, there is nothing in the record to support this claim.  Exhibits B, C.  Therefore, because unsupported allegations do not warrant habeas corpus relief, this claim must fail.

Choyce alleges that his hearing officer was arbitrary, capricious, and biased because he received the same punishment as in his first hearing, but Choyce presents nothing more than his unsubstantiated statements.  Thus, Choyce is not entitled to relief on this claim because conclusory allegations, unsupported by the record, do not warrant federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Furthermore, according to TDCJ-ID, in a rehearing, punishment may not exceed what was initially assessed at the first hearing. In this case, Choyce did not lose more good time than in the first hearing, thus he cannot claim that TDCJ-ID violated its procedures in this matter.  As a result, Choyce's claim

8

is completely lacking in merit and must fail.

## VIII.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Director respectfully requests that this court summarily dismiss Choyce's petition with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
  for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

DENISE A. VILLARREAL*
Assistant Attorney General
State Bar No. 24008212
Southern D. No. 25314

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

9

## NOTICE OF SUBMISSION

To: Clifton Ray Choyce, petitioner, you are hereby notified that the foregoing motion will be brought before the court as soon as the business of the court permits.

DENISE A. VILLARREAL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Denise A. Villarreal, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 15th day of September of 2000, addressed to:

Clifton Ray Choyce
TDCJ-ID No. 380334
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

DENISE A. VILLARREAL
Assistant Attorney General

10

A

Case 2:00-cv-00086   Document 19   Filed in TXSD on 09/18/2000   Page 12 of 41

```
CSIMF800/INI801            COMMITMENT INQUIRY           06/01/00 09:28:18
INMTCICS/LSA2470 /V201  TDCJ-ID NO: 00380334 SIDNO: 02474654
NAME: CHOYCE,CLIFTON RAY            APPL:      STATUS: A RE ML L2  #OFF: 02
OLD TDC#: 00302890 CNTY CONV: 057                                   65TH
OFF-REC:     1212 PRJ RL: 11-05-2024 REC:   07-19-1984 MAX-TERM:   50Y  0M  0D
PEN-REC: 000.000 MAX-EX: 05-24-2034 BEGIN: 05-24-1984 PAR-ELIG: 01-22-2001
                                             INMATE TYPE: ID
   OFFCD: 52030000 POSS FIREARM                                     65TH
    PENAL:000.000  MS:  PLEA:G CAUSE:F84-74741-QT      CNT:    OFF:05-23-1984
    CC  CNTY OFF:057  CNTY/CRT:057 283 MAX TERM:  10Y  0M  0D  BEG:05-24-1984
    MIN EXP:05-24-1994 MAX:05-24-1994 PAR ELIG:01-01-0001 SENTENCED:07-10-1984
    OFF TDCNO: 00380334                            CTO DATE 01-01-0001
   OFFCD: 12120000 AGG ROBBERY                 AGG       FLAT-ONLY 65TH
    PENAL:000.000  MS:  PLEA:N CAUSE:F84-74813-RT      CNT:    OFF:05-23-1984
    CC  CNTY OFF:057  CNTY/CRT:057 283 MAX TERM:  50Y  0M  0D  BEG:05-24-1984
    MIN EXP:11-05-2024 MAX:05-24-2034 PAR ELIG:01-22-2001 SENTENCED:07-10-1984
    OFF TDCNO: 00380334                            CTO DATE 01-01-0001




PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____  OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

B

# AFFIDAVIT

THE STATE OF TEXAS

COUNTY OF BEE

   BEFORE ME, the undersigned authority, personally appeared Thomas J. Prasifka, who being duly sworn by me, deposed as follows:

   "My name is Thomas J. Prasifka.  I am of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

   "I am the Warden II for the William G. McConnell Unit of the Texas Department of Criminal Justice Institutional Division, and my office is located in Beeville, Texas.  I do hereby certify that I am a custodian of Unit Records maintained in the regular course of business. Attached hereto is a complete copy of Inmate Disciplinary Hearing records including any and all attachments, for the following case number 19990118440, excluding investigative documents regarding Offender Clifton Ray Choyce, TDCJ-ID #380334 and hereby certify that the attached copies are true, complete and correct copies now on file in my office and in my custody.  I further certify that the pages attached hereto are maintained in the usual and regular course of business of the McConnell Unit, of the Texas Department of Criminal Justice - Institutional Division.

                _____
                      Affiant

   SWORN TO AND SUBSCRIBED before me on the 29th day of August, 2000

My Commission Expires:

_____

                  _____ (Printed Name)
               NOTARY PUBLIC in and for
               the State of Texas

SABAS ENCINIA JR.
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 11-25-2001



2V

1 0 DEC 1998

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

C: 990118440  THU NO.: 00380334  NAME: CHOYCE,CLIFTON RAY   PA. 5.3
T: ML  HSNG: 8J31  52   JOB: ML CC UTILITY   IG: 081
SO: L3  CUST: CC  PRIMARY LANGUAGE  ENGLISH   MHMR RESTRICTIONS:  NO
DE: MA / GLS  OFF DATE: 02/11/95  11:45 PM  LOCATION: ML 8 BUILDING
E: ID

### OFFENSE DESCRIPTION

### (SEE ATTACHED FORM)

POINT OFFICER: AMBRIZ, A. SGT.   SHIFT/CARD: 3 D

OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,
E & DATE NOTIFIED: 1:35pm  12-18-98 BY:(PRINT)   J Burton CS1
WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
ICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
AD? GUILTY  NOT GUILTY
ENDER NOTIFICATION SIGNATURE: X Clifton Choyce   DATE: 12-18-98
SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
RING OFFICER TO PROCEED WITH THE HEARING.
ENDER WAIVER SIGNATURE: _____   DATE: _____

### HEARING INFORMATION

RING DATE: 12/21/98  TIME: 11 50 A  TAPE# MM 123  SIDE# A  START# 263  END# 449
TAPE#_____  SIDE#_____  START#_____  END#_____
LAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
RING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
DENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
RING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
NFSS AT THE HEARING (7) IF INTERPRETER USED (SIGNATURE _____);
to Reviewed Tape of Riot - No Exculpatory Evidence on
his Behalf. Does show him Melling Around Dayroom
uring incident in Disobediance of Staff orders to go to cell   EVIDENCE OF HIS PARTICIPATION
ENSE CODES:  08.0  24.0  |   |   |
ENDER PLEA: (G, NG, NONE)  NG  NG  |   |   |
DINGS: (G, NG, DS)
UCED TO MINOR(PRIOR TO DOCKET)_____(DOCKET)_____(HEARING)_____BY:(INITIAL)_____
GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
LT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY  D)OTHER.
LAIN IN DETAIL  B - C - CO TESTIMONY @ Hearing.  D - CO Hester
TATEMENT  1 - Video Tape of Riot (2/11/95)

### PUNISHMENT

S OF PRIV(DAYS)_____   REPRIMAND_____   SOLITARY(DAYS)_____
ECREATION(DAYS)_____   EXTRA DUTY(HOURS)_____   REMAIN LINE 3_____ ✓
OMMISSARY(DAYS)_____   CONT.VISIT SUSP THRU ___/___/___   REDUC.CLASS FROM ___ TO ___
ROPERTY(DAYS)_____   CELL RESTR(DAYS)_____   GOOD TIME LOST(DAYS) 500
_____(DAYS)_____   SPECIAL CELL RESTR(DAYS)_____   DAMAGES_____$_____
SIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
DETERRANT  VALUE  OF  PUNISHMENT

DIT FOR PRE-HEARING DETENTION TIME: YES(DAYS)_____ NO  NA  6
E PLACED IN PRE-HEARING DETENTION: N/A   HEARING LENGTH _____ (MINUTES)
NDER SIGNATURE(S): RECEIPT OF FINAL REPORT: _____   HANDCUFFED

06-98): COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI N. ENTIENDE ESTA FORM.

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD CONT...

990118440  TDCJ NO.: 00380334  NAME: CHOYCE, CLIFTON RAY

### OFFENSE DESCRIPTION

THE DATE AND TIME LISTED ABOVE, AND AT 8K4-CELL, BLOCK, DAYROOM, OFFENDER:
OYCE, CLIFTON RAY, TDCJ-ID NO. 00380334, INTENTIONALLY PARTICIPATED WITH
MATES HICKS, NORRIS, TDCJ NO.00505593, AND DIGGS, ERNEST, TDCJ NO.00535417, AND
FTEEN OTHER INMATES IN AN ATTEMPT TO DISRUPT THE UNIT OPERATIONS BY REFUSING
EXIT THE K-1 CELL BLOCK, DAYROOM, AND RETURN TO THEIR CELLS AND CREATED A
NGER OF DAMAGE TO PROPERTY AND/OR INJURY TO PERSONS AND SUBSTANTIALLY
STRUCTED THE PERFORMANCE OF UNIT OPERATIONS.  OFFENDER CHOYCE WAS ORDERED BY
T. AMBRIZ TO GO  TO HIS ASSIGNED CELL, AND SAID OFFENDER FAILED TO OBEY THE
DER.

9901184\(\overline{4}\)0

# TDCJ - INSTITUTIONAL DIVISION
## OFFENSE REPORT

TDCJ - ID No. 380334   Inmate: Choyce, Clifton                    140397

(Last Name, First)

Unit : ML   Housing Assign.: 8k — 3D   Job Assign.: G.S. 07

Offense Level, Code, Title : Level 1 Code 8 Riot Level 2 Code 24 Refusing to obey orders

Offense Date : 2-11-95   Time : 2345hrs   General Location : 8 Building Kpool 1 cellblock

OFFENSE DESCRIPTION :
On the date and time listed above, and at   8 K1 cellblock dayroom ,

(enter specific location)

Inmate Choyce, Clifton , TDCJ - ID No. 380334 ,

intentionally participated with inmates Hicks, Norris #505593; Diggs, Frank #555417 and fifteen other inmates in an attempt to disrupt the unit operations by refusing to exit the K1 cellblock dayroom and return to their cells and created a danger of damage to property and/or injury to persons and substantially obstructed the performance of unit operations. Furthermore, was ordered by Sgt. Ambriz to go his assigned cell and said inmate failed to obey the order.

Additional Information:

On 2-11-95 at approximately 2345hrs, inmates in 8 K1 cellblock were ordered to go to their assigned cells and they refused. The inmates in K1 dayroom began stroking wet towels around the cell block doors, wrapping towels around their heads, holding a trash can over the cellblock door gasport, yelling obscenities at security staff, and continually refusing orders to go to their cells. The inmates in the K1 dayroom were encouraging each other to rebel against security staff and were in a general state of chaos.

(Continue on an additional sheet if necessary.)

Witnesses :                                                    1 8 DEC .998

Name of Charging Officer/
Employee (Print) : A. Ambriz                    Rank/Title : Sgt.

Shift : 3   Card : D   Signature : A. Ambriz              Date : 02-12-95

Approving Supervisor's Signature : _____

Was Informal Resolution Appropriate?   Officer Yes / No   Supervisor Yes / No
MHMR Restrictions : Yes / No   EA : ___   IQ : ___   Primary Language : ___

Grade : Major [X]   Minor [ ]   Grading Official (Print) : _____   Rank ___

```
SP005              T.D.C.J. - INSTITUTIONAL DIVISION              11/10/99
 - NL09                  MAJOR GRADING REPORT                      09:32:31
                                                                  PAGE   1
NO: 00380334     NAME: CHOYCE,CLIFTON RAY            GOOD TIME: 0001 03 2
ASS: L3 DSP    CUSTODY: CC                           WORK TIME: 0000 00 00
STRICTIONS:


** LAST 180 DAYS CONVICTIONS
FF      HEAR    REPORT     OFF                  ***********PENALTY(S)**********
ATE     DATE    NUMBER     CODE DESCRIPTORS LVL    REF/SOL/CLASS/ TIME/XB/CR/PR/CU


72998 072998 990037027 03.0 SA        1 MA E         R L3    3C        45
2498 082998 980404091 24.1            2 MI G Y
     END OF CONVICTIONS FOR LAST 180 DAYS


*** PENDING CASES
FF DATE       CASE NUMBER     OFF CODE    DESCRIPTORS    GRADE    DISPOSITION

072298         980366448        24.0                     MA      DISMISSED
021195         990118440        08.0
                                24.0
     END OF PENDING CASES
```

Case 2:00-cv-00086   Document 19   Filed in TXSD on 09/18/2000   Page 19 of 41

# ARING WORKSHEET

OFFENDER NAME: _Chryce, Clifton_   TDCJ NO: _00380334_

CHARGE: _1 08.0_   CHARGE: _2 24.0_   OFFENSE REPORT NO: _990118440_

PLEA: _NG_   PLEA: _NG_   DATE: _12-21-98_

CHARGE: _____   CHARGE: _____   C/S INITIAL: _D Burton CSI_

PLEA: _____   PLEA: _____

1. DEFENSE: Statement of Denial - D was there but wasn't involved. I was standing at my cell door (3 cell) but the picket boss wouldn't open door. The video tape will show I wasn't involved. (Verbal Statement ___) I wasn't charging etc. present. I weren't participated in ___ no ___ riot. I was at 3 cell but etc. Picket wouldn't open the door

2. WITNESSES: CSO Ofc. Foster - (Denied by CS) JB
   (CSO) I/m (Nick) Davis #505593 (Read by CS) JB
   documentary Evidence - video tape   (CSO Derinton (S)) Read-

3. QUESTIONS: NC - I don't recall it I said 1) account tell whether I/m Choyce was involved or not back in 1995 disciplinary hearing.

CHARGING OFFICER: Sgt. America   REQUESTED: YES ✓   NO ☐

4. STATEMENT: via phone   PRESENT: YES ☐   NO ✓
   All inmates was instructed to go to cell. I/m Choyce refused and walked around and ignored orders I/m Choyce threw a rag or towel over a trash can during the incident.

3. HEARING NOTES: UNIT DHO _Capt. Mitton_   DATE: _12,21,98_ @ _11:30_ a.m. ☐ p.m. ✓
   Accused Waive 24 Hour Notice Right: YES ☐   NO ✓

C. SUMMATION/MITIGATION: NC Similar case x 180 days
   I/m Statement - witness testimony

   Request Lenient Punishment if found Guilty

FINDINGS: Guilty

DISPOSITION: R13, 500 day Loss Good Time;   YES ☐   NO ✓

THIS CONCLUDES OUR PRESENTATION, OFFENDER _Choyce_ WOULD YOU LIKE TO SAY ANYTHING ELSE?

| C/S CHECKLIST | YES | NO | N/A | | EXPLANATION | APPL | N/A |
|---|---|---|---|---|---|---|---|
| OFFENDER PRESENT | ✓ | | | | NON-FRIVOLOUS EVIDENCE | ✓ | |
| CS-14 | | | ✓ | | CROSS-EXAMINATIONS | ✓ | |
| WITNESSES | | | ✓ | | OBJECTIONS | | ✓ |
| DOCUMENTARY EVIDENCE | ✓ | | | | OTHER | | ✓ |
| ACKNOWLEDGED MODIFICATION | ✓ | | | | | | |
| MITIGATING | ✓ | | | | | | |
| CREDIT (PHD) | | | ✓ | | ADDITIONAL INFORMATION ON BACK: | ☐ | |

# SERVICE/INVESTIGATION WORKSHEET

OFFENDER NAME: _Choyce, Clifton_     OFFENSE REPORT NUMBER: _99C118440_

TDCJ NUMBER: _00380334_     UNIT: _Mc_

## COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

a. Offender house in Ad Seg, PHD or Solitary     e. Offender has requested Counsel Substitute

b. EA Below 5, IQ below 73     f. Offender has requested witness who cannot

c. Literacy is questionable     attend the hearing

d. Offender has difficulty understanding English     (g.) Complexity of case warrants Counsel Substitute assistance.

1. **I HAVE READ AND STUDIED THIS REPORT ON:** _12-18-98_ (date)

a. The accused offender has been charged with:     1.08.0   2.24.c   a. ___ b. ___ c. ___ d. ___

b. The Officer's report clearly and completely describes the incident in question     YES ☑  NO ☐

c. Charges listed were reviewed with reference to TDCJ Disciplinary Rules and Procedures     YES ☑  NO ☐

d. Offense description in report substantiates that each of the alleged offenses were violated     YES ☑  NO ☐

If NO, explain: _____

_____

2. **DATE/TIME SERVED:** _12/18/98 @ 1:30pm_     OFFENDERS PLEA: _Not Guilty_

The accused was informed of the following rights:

|  | YES | NO |
|---|---|---|
| a. To call/question witnesses: | ☑ | ☐ |
| b. To present documentary evidence: | ☑ | ☐ |
| c. To be represented by Counsel Substitute: | ☑ | ☐ |
| d. To call/question charging officer at the hearing: | ☑ | ☐ |
| e. The offender states he/she understands report, charges and rights: | ☑ | ☐ |
| f. The offender states he/she wishes to attend his/her hearing: | ☑ | ☐ |

g. The accused offender stated he/she has violated the following offense(s):     a. ___ b. ___ c. ___ d. ___

h. The accused offender stated he/she has not violated the following offense(s):     a. ___ b. ___ c. ___ d. ___

1.08.0  2.24.c

and (1) his/her written statement has been included;

or (2) his/her excuses, reasons, and/or defenses are documented below:

_Included are pertinent circumstances, information, witnesses' names, places, documents, times, physical evidence, etc. which the accused has supplied._ ___ was there but

I wasnt involved. ___ was

standing at my cell door (3 cell)

but the picket boss wouldn't open door.

**REQUESTED WITNESSES/DOCUMENTARY EVIDENCE:** One video tape will show I

wasnt involved.

video tape.

Ofc. Nester — picket boss

Mr. Dicks, Norris #30593   CC 4-1-03 cell

accused offender's excuses, reasons, and/or defenses have been logically investigated. The Counsel Substi-
investigation is as follows: _____

| 1. | 12-18-98 | Reviewed Case |
| 2. | 12-18-98 | Notified I/m Chayce |
| 3. | 12-18-98 | Interviewed c/o Nester |
| 4. | | Interviewed I/m Dicks |
| 5. | 12-18-98 | Rider Tape |
| 6. | 12-18-98 | Interviewed Sgt. Amavez |

Completed Investigation

The Charging Officer was interviewed on __12-18-98__ (date). The officer was present with a summary of
the investigation and the accused offender's statement. The charging officer was asked if he/she wanted to make
any additional statements, not included in this report. _____

D Dace inmate Chayce standing at
dayroom door, walking out to D-Space.
I/k and the others were ordered to
stand by their cells doors and he
refused to do so. I/m Chayce also
helped in dealing off a trans can
which was placed on the tray slot on section
door and was located with towels

List the portions of the investigation that appear to support the charges made against the offender:

**None:** [ ] _____

C/O report
C/O statement
CSO9 c/o Nester

List the portions of the investigation that appear to support the offender's reasons, and/or defenses:

**None:** [ ]

I/m statement and plea.

**THIS INVESTIGATION WAS COMPLETED ON_____(DATE)**

_____
**Signature**

J Bunton CSI
**Printed Name**                                    _____
                                                    **APPROVING SUPERVISOR**

C

ClickRQ – www.fastio.com

# AFFIDAVIT

**STATE OF TEXAS**                                                       §
                                                                        §
**COUNTY OF WALKER**                                                     §

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance records on Offender **Clifton Choyce**, TDCJ #380334, Cause Number C0086, and hereby certify that the attached copies of documents requested for the specified time period December 1998 to the present, specifically regarding *disciplinary case #19990118440*, are true and correct copies of the grievance records now on file in my office. I further certify that the records attached hereto are maintained in the usual and regular course of business at the Office of Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 12th day of June 2000.

*Susan L Schumacher*
Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Linda Richey on this day personally appeared Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 12th day of June 2000.

LINDA R. RICHEY
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 06-17-2003

*Linda R. Richey*
NOTARY PUBLIC in and for
The State of Texas

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION
## INMATE GRIEVANCE FORM
### FORMA PARA QUEJAS DE LOS PRESOS

| STEP 2 |
|---|
| PASO 2 |

Inmate Name: __Clifton Choyce__
Nombre Del Preso

Inmate TDCJ Number: __380334__
Número Del TDCJ Preso

Unit: __McConnell__
Unidad

Housing Assignment: __8K-66__
Vivienda Asignada

**OFFICE USE ONLY / Para Uso De La Oficina Solamente**

Unit Number: __99122669__    UGC Date Rec'd: __APR 20 1999__    RGC Date Rec'd: __APR 26 1999__

Code: __405__    RGC Number: _____

UGC Signature: _____    RGC Signature: _____

**INMATE'S REASON FOR APPEAL (State specific dissatisfaction) / RAZON QUE DA EL PRESO PARA APELAR (Especifique el motivo de su disatisfaccion)**

I was denied an opportunity to cross-examine a requested witness, and the counsel substitute and UDHO fabricated the officer statement against me.

* It should be noted here that this step one grievance was returned to me on April 17, 1999. *

__Clifton Choyce__          __18 April 99__
Inmate's Signature / Firma Del Preso          Date / Fecha

cc/filed:

**REGIONAL DIRECTOR'S Decision and Reason / Decision Del DIRECTOR REGIONAL y Razones:**

Appeal denied.  A thorough review of major disciplinary case #99122669 has been completed.  Disciplinary proceedings were handled according to policy.  Officer Hester testified at the hearing as well as Sgt. Ambrig.  The video tape was reviewed by the disciplinary hearing officer.  It is the function of the disciplinary hearing officer to determine the credibility of the evidence presented at the hearing.  This office finds insufficient grounds to warrant overturning the case.

_____          __6-14-99__  Douglas Dretke
Regional Director's Signature / Firma Del Director Regional          Date / Fecha

If you are not satisfied with the Regional Director's Response, you may appeal to the Deputy Director through your Unit Grievance Coordinator.(See reverse side for further instructions.) / Si usted no esta satisfecho con la Decision del Director Regional puede apelar al Deputy Director por medio del Coordinador de Quejas de su Unidad.(Vea el reverso donde hallara instrucciones adicionales.)

I- 128 (Rev. 3/90)          5-30          J0342/p1

*CL 70B Unassigned*

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

| | STEP 1 |
| --- | --- |
| | PASO 1 |

## INMATE GRIEVANCE FORM
### FORMA PARA QUEJAS DE LOS PRESOS

Inmate Name: **Clifton Choyce**
Nombre Del Preso

Inmate TDCJ Number: **380334**
Numero Del TDCJ Preso

Unit: **McConnell**
Unidad

Housing Assignment: ~~8552~~
Vivienda Asignada

Check if an emergency grievance: ☐ yes(si) ☐ no(no)
Marque si es una queja de emergencia

I object to the posting of issues presented in this grievance: ☐ yes(si) ☐ no(no)
No deseo que se publiquen los asuntos tratados en esta queja

### OFFICE USE ONLY / Para Uso De La Oficina Solamente

Unit Number: **9912216169**

Code: **405**

Date Received: **JAN 19 1999**

UGC Signature: _____

---

Specify how and when informal resolution was attempted / Especifique como y cuando trato de hallar una solucion informal:

I APPEAL MY CONVICTION IN CASE No. 990118440 (SEE Attached REPORT).

---

STATE GRIEVANCE (Include documentation, name of any witnesses supporting your claim and date of incident. Attach additional pages if necessary.) / ESPECIFIQUE LA QUEJA (Incluya documentacion, nombre de cualquier testigo que certifique su queja y fecha del incidente. Agregue paginas adicionales si es necessario.)

I WAS PREjudiced by being Retried in this CAuse due to I WAS deprived of my Right to CAll And Cross-Examine An officer who WAS in the Control Picket on the Night of the incident, the DHO WAS ARbitrAry And CApricious—he found me guilty just for being in the dayRoom—Not for PARticipAnt in the Alleged Riot—he ClAimed that he Reviewed the Videotape of the incident, And that he SAW me milling Around dayRoom during incident And disobediance of stAff ORders to go to cell—but the DHO ARe lying—the Videotape only show me trying to get in my cell (See PAge 4 of United States MAgistrat Judge B. JAnice Ellington's ORder grAnting me limited HAbeAs Corpus Relief, Reversing the ORiginAl Riot Conviction—Attached As Exhibit A). Further-more, the DHO found me guilty of the "lesser included offense" which was dismissed At the ORiginAl heAring (See Disciplinary Report And heAring RecORd from the 2/16/95 heAring—Attached As Exhibit B).

---

ACTION REQUESTED / ACCION SOLICITADA: ThAt my CAse be overturned And my good time Restored.

Signature: **Clifton Choyce**   Date: **31 Dec 98**   CC/Filed
Inmate's Signature / Firma Del Preso   Date / Fecha

---

WARDEN'S Decision and Reason / Decision del GUARDIAN y Razones:

Review of disciplinary case # 990118440 indicates that your case has received thorough and impartial treatment. Disciplinary proceedings were handled appropriately in accordance with Department regulations and relevant court decision. This office finds insufficient reason to overturn the decision of the UDHO and shall therefore stand as rendered.

Warden's Signature / Firma Del Guardian   Date / Fecha   **MAR 03 1999**

---

If you are not satisfied with the Warden's Response, you may appeal to the Regional Director through your Unit Grievance Coordinator. (See reverse side for further instructions.) / Si usted no esta satisfecho con la Decision del Guardian puede apelar al Director Regional por medio del Coordinator de Quejas de su Unidad. (Vea el reverso donde hallara instrucciones adicionales.)

I - 127 (REV. 4/97)

**FEB 28 1999**   J0336/p1

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 990118440  TDCJ NO.: 00380334  NAME: CHOYCE,CLIFTON RAY                EA:  5.3
UNIT: ML   HSNG: BJ31   52         JOB: ML CC UTILITY              IQ: 081
CLASS: L3  CUST: CC  PRIMARY LANGUAGE: ENGLISH       MHMR RESTRICTIONS:    NO
GRADE: MA / GLS  OFF.DATE: 02/11/95  11:45 PM  LOCATION: ML B BUILDING
TYPE: ID

### OFFENSE DESCRIPTION

### (SEE ATTACHED FORM)

JAN 1 9 1999

CHARGING OFFICER: AMBRIZ, A. SGT.                SHIFT/CARD: 3 D

### OFFENDER NOTIFICATION    IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 1:35 m 12-18-98 BY: (PRINT) D. Curton CSI
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Clifton Choyce           DATE: 12-18-98
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____          DATE: _____

### HEARING INFORMATION

HEARING DATE: 12/21/98  TIME: 11:30 A  TAPE# MM175  SIDE# A  START# 263 END# 449
                                       TAPE# ____  SIDE# ___ START# ___ END# ___

EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER USED: (SIGNATURE _____);
DHO Reviewed Tape of Riot - No Exculpatory Evidence on
I/M's behalf. Does show I/m milling around dayroom
during incident in Disobedience of staff orders to go to cell.

OFFENSE CODES:        | 08.0 | 24.0 |      |      |
OFFENDER PLEA: (G, NG, NONE) | NG | NG |      |      |
FINDINGS:  (G, NG, DS)       | G  | G  |      |      |
REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__   BY:(INITIAL)__
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY D)OTHER.
EXPLAIN IN DETAIL: (B) - (C) - CIO TESTIMONY @ HEARING. (D) - CON Histors
statement (D) Video Tape of Riot (2 11 95)

### PUNISHMENT

LOSS OF PRIV(DAYS)_____    REPRIMAND.............    SOLITARY(DAYS).........
 *RECREATION(DAYS)_____    EXTRA DUTY(HOURS).......    REMAIN LINE 3......... ✓
 *COMMISSARY(DAYS)_____    CONT.VISIT SUSP THRU __/__/__  REDUC.CLASS FROM __ TO __
 *PROPERTY(DAYS)......    CELL RESTR(DAYS)_____    GOOD TIME LOST(DAYS).. 500
 *_____(DAYS)......    SPECIAL CELL RESTR(DAYS)_____  DAMAGES........$_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
Deterrent Value of Punishment

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)___  NO (NA)
DATE PLACED IN PRE-HEARING DETENTION: N/A  HEARING LENGTH (6) (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: HANDCUFFED

N. Clifton CRT                                          _____
HEARING OFFICER (PRINT)    WARDEN              STATE CLASS.COMMITTEE MEMBER

Case 2:00-cv-00086   Document 19   Filed in TXSD on 09/18/2000   Page 27 of 41

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD CONT...

CASE: 990118440 TDCJ NO.: 00380334 NAME: CHOYCE,CLIFTON RAY

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 8KA-CELL, BLOCK, DAYROOM, OFFENDER: CHOYCE,CLIFTON RAY, TDCJ-ID NO. 00380334, INTENTIONALLY PARTICIPATED WITH INMATES HICKS,NORRIS, TDCJ NO.00505593, AND DIGGS,ERNEST, TDCJ NO.00535417, AND FIFTEEN OTHER INMATES IN AN ATTEMPT TO DISRUPT THE UNIT OPERATIONS BY REFUSING TO EXIT THE K-1 CELL BLOCK, DAYROOM, AND RETURN TO THEIR CELLS AND CREATED A DANGER OF DAMAGE TO PROPERTY AND/OR INJURY TO PERSONS AND SUBSTANTIALLY OBSTRUCTED THE PERFORMANCE OF UNIT OPERATIONS. OFFENDER CHOYCE WAS ORDERED BY SGT. AMBRIZ TO GO TO HIS ASSIGNED CELL, AND SAID OFFENDER FAILED TO OBEY THE ORDER.

JAN 19 1999

JAN 1 9 1999

# EXHIBIT  A

FEB 17 1999

JAN 13 1999

CitiPDF - www.fastio.com

Case 2:00-cv-00086   Document 19   Filed in TXSD on 09/18/2000   Page 30 of 41

FEB 17 1999

JAN 19 1999

FEB 17 1995

JAN 13 1999

JAN 1 9 1999

# EXHIBIT B

CVisPDF – www.fastio.com

Case 2:00-cv-00086   Document 19   Filed in TXSD on 09/18/2000   Page 33 of 41

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

49. MAY 2 1 1998

Michael N. Milby
Clerk of Court

CLIFTON RAY CHOYCE          §
                            §
VS.                         §          C.A. NO. C-95-554
                            §
GARY L. JOHNSON, Director,  §
TDCJ-ID                     §

JAN 1 9 1999

## AMENDED[1] ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING LIMITED HABEAS CORPUS RELIEF

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, petitioner filed a petition seeking relief under 42 U.S.C. § 1983 on October 24, 1995. He complained that his constitutional right to due process was violated when he did not receive written notice of a prison disciplinary hearing and was not allowed to call witnesses or present documentary evidence.

Following an order for more definite statement with which petitioner complied and a Spears hearing, the District Court dismissed all defendants except Bell and Sherman. The parties consented to proceed before the U.S. Magistrate Judge, and following a status conference hearing by telephone, it was determined that due to the nature of plaintiff's claims, his complaint would be treated as a habeas corpus petition rather than a § 1983

---

[1] This order is amended *sua sponte* to amend the type of relief ordered. All changes appear on page 8, the last page of the amended order. Otherwise, the order is identical to Instrument No. 42, filed on April 10, 1998. Because final judgment was never entered, the Court does not believe Respondent's Notice of Appeal divested this Court of jurisdiction. A final judgment will follow.

CiteDF - www.texia.com

action (D.E. 29). As a result, the claims against defendants Sherman and Bell were dismissed and Gary L. Johnson, Director of TDCJ-ID, was substituted as respondent.

Respondent filed a motion for summary judgment on December 11, 1997 (D.E. 34) to which petitioner responded on January 7, 1998 (D.E. 36). Because petitioner filed two grievances related to the disciplinary proceedings, respondent does not move for dismissal for failure to exhaust state court remedies.

JAN 1 9 1999

## FACTS

Petitioner's claim that he lost good time credits without due process of law stems from an incident occurring on February 11, 1995. Petitioner avers that at approximately 11:45 p.m. he was in the K-1 day room when several corrections officers appeared with a tear gas gun. The officers ordered the inmates to "rack up," or go to their cells. Petitioner went to his cell door and waived at the picket officer to open the cell door, but he refused to do so. About 10 minutes later, the inmates who were in the day room were sprayed with tear gas.

Petitioner claims further that on February 14, 1995, Norma Sherman, his counsel substitute, refused to give him written notice of the disciplinary hearing because of an incident on January 10, 1995 when she tried to serve him with notice of an unrelated disciplinary hearing and he had cursed at her. A disciplinary hearing was held February 16, 1995. Petitioner claims that he asked to have present the officer who was in the control picket on the night of the incident but his request was denied. The reason given for the denial was that there was no way of finding out who worked the control picket on the night

2

of the incident. Petitioner says the testimony of the officer was relevant because the officer refused to open petitioner's door when petitioner asked him to do so.

Petitioner's final claim is that he requested that the videotape of the incident be introduced as documentary evidence because it would show him outside his cell door waving to the control picket officer to open the door. His request was refused on the grounds that the videotape was confidential. Petitioner filed a grievance appealing the refusal to provide the videotape, to which the warden responded "Video tape recording reveals inmates refusing to rack creating a major disturbance. Consequently you and the others were gassed to gain control of the Pod day space room." (Pl.'s Resp. to Rsp.'s Mo. for Sum. Jmt., D.E. 36, Ex. 4). Petitioner filed another grievance relating the same facts, and the warden responded, "Video tape was denied by UDHO due to "Confidentiality." Your Counsel Substitute has access to the video but not you. Therefore, review of Disciplinary Report #950140292 does not reveal any process violations." (Id., Ex. C). Petitioner argues that he was not represented by a counsel substitute at the hearing, although it is clear from the hearing tape that Ms. Sherman was present at the hearing. At the conclusion of the hearing, petitioner was found to have participated in the riot and was sanctioned by the loss of 500 days of accrued good time.

Respondent's version of events differs considerably from that of petitioner. He claims that on February 11, 1995, a group of approximately 18 inmates, including petitioner, refused to exit the K1 Cellblock day room and return to their cells. Inmates created a danger of damage to property and/or injury to person and substantially obstructed the performance of unit operations. Petitioner was ordered to go to his assigned cell and refused to do so.

*JAN 1 9 1999*

3

(See TDCJ-ID Disciplinary Report and Hearing Record, p. 2, D.E. 35). He, along with the other inmates, were fired upon with tear gas. On February 14, petitioner's counsel substitute Norma Sherman, attempted to serve him with notice of the disciplinary hearing, but he declined to sign the notice (Id.). Ms. Sherman reported that he refused to turn on his light and became belligerent and used vulgar language toward her (See Service/Investigation Worksheet, D.E. 35).

*JAN 1 9 1999*

The respondent further claims that the record does not reflect that petitioner requested that the picket officer be present at the hearing, either on the hearing report or on the cassette tape of the hearing. Respondent agrees that petitioner was not provided the videotape of the incident due to confidentiality concerns.

## APPLICABLE LAW

### A.   Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).

4

Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552; Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 113 S.Ct. 82 (1992). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). Summary judgment is mandated if, after adequate time for discovery and upon motion, the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552. "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 322-23, 106 S.Ct. at 2552.

## B. Right to Due Process at a Disciplinary Hearing

In a habeas corpus action challenging the proceedings at a disciplinary hearing, a petitioner must show that he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner in this case is alleging deprivation of his 14th amendment right to due process. In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94

5

S.Ct. 2963 (1974) ] and [Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532
(1976) ]. Following Wolff, we recognize that States may under certain
circumstances create liberty interests which are protected by the Due Process
Clause. But these interests will be generally limited to freedom from restraint
which, while not exceeding the sentence in such an unexpected manner as to
give rise to protection by the Due Process Clause of its own force, nonetheless
imposes atypical and significant hardship on the inmate in relation to the
ordinary incidents of prison life.

The loss of good time credits as the result of a disciplinary hearing may implicate the

higher levels of due process contemplated by the Supreme Court in Wolff v. McDonnell, 418

U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Madison v. Parker, 104 F.3d 765, 769

(5th Cir. 1997). The loss of good time credits under a state statute that bestows mandatory

sentence reductions for good behavior must be accompanied by certain procedural safeguards

in order to satisfy due process. Id. The procedural safeguards were outlined in Wolff and

include the following: (1) Written notice of the charges must be given to the inmate; (2) The

inmate must be allowed to call witnesses and present documentary evidence in his defense

when permitting him to do so will not be unduly hazardous to institutional safety or

correctional goals; (3) There must be a written statement by the fact finders as to the

evidence relied on and reasons for the decision. Wolff, 418 U.S. at 564, 94 S.Ct. at 2979.

On March 13, 1998 respondent was ordered to provide the Court with a copy of the

video tape of the February 11, 1995 incident to be viewed in chambers (D.E. 40) and the

respondent did so. The videotape shows inmates inside what appears to be a day room in the

"K" cellblock, and guards outside the day room dressed in riot gear. At 11:49 p.m.,

according to the time notation on the tape, an inmate goes to the back of the day room,

stands by a door and appears to try to call someone's attention by waving his arm and

pointing at the door. He leaves the door and goes back to the front of the day room, where

6

a few minutes later the guards inject tear gas into the room and all the inmates are subdued on the floor.

The inmate who stands by the door and waves is not identified, nor is it clear where the door leads to or what the inmate's intentions were, but the incident on the tape is enough like the incident described by petitioner that the petitioner should have been allowed to present the tape to the trier of fact at the disciplinary hearing to support his claim that he tried to leave the day room and go back to his cell. Even if the prison officials had confidentiality concerns about the inmate viewing the tape, the hearing officer could and should have reviewed the tape in private and considered it when making his determination about whether the inmate participated in the riot or attempted to return to his cell. "[A]n inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Spellmon-Bey v. Lynaugh, 778 F.Supp. 338, 343 (E.D. Tex. 1991)(citing Wolff v. McDonnell, 418 U.S. at 566, 94 S.Ct. at 2979). See also Brooks v. Coughlin, 182 A.D.2d 1115, 583 N.Y.S.2d 91, 1992)(New hearing warranted when hearing officer improperly refused to view security surveillance videotape of incident prior to making determination at prison disciplinary proceeding).

Also, the inmate claims that he requested that the picket officer testify about whether the inmate tried to get him to open his cell door, but the respondent claims that no such request was made at the hearing. The Court has listened to the audiotape of the hearing and, because of the poor quality of the tape, is unable to discern whether petitioner asked to have the picket officer present.

JAN 1 9 1999

7

For the above reasons, it is determined that petitioner did not receive constitutional
due process at the disciplinary hearing on February 16, 1995 which resulted in his losing 500
days of good time[2]. Accordingly, petitioner is entitled to restoration of his lost good time
credits or a new hearing. It is therefore ORDERED that

1. The respondent's motion for summary judgment is DENIED;

*JAN 1 9 1999*

2. Petitioner's petition for habeas corpus is GRANTED and alternative limited relief
is ordered. Respondent is ordered, within sixty days of the date of entry of final judgment,
to begin proceedings to grant petitioner a new disciplinary hearing, or in the alternative to
restore petitioner's 500 days of lost good time credits.

ORDERED this 20 day of _May_ , 1998.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2]Petitioner's claim regarding the lost commissary time is not a viable cause of action
because it does not impose atypical and significant hardship on the inmate in relation to the
ordinary incidents of prison life. Sandin v. Connor, supra.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *CLIFTON RAY CHOYCE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## ORDER

ON THIS DAY CAME before the Court for consideration the Respondent Johnson's Motion for Summary Judgment with Brief in Support and the Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Johnson's Motion for Summary Judgment is hereby GRANTED, and the instant petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED this _____ day of _____, 2000.

_____
JUDGE PRESIDING