# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**OCT 3 1 2000**

Michael N. Milby, Clerk

CLIFTON RAY CHOYCE, §
   PETITIONER, §
       §
V.         §   CIVIL ACTION NO. C-00-86
       §
GARY L. JOHNSON, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
      RESPONDENT. §
        §

## PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Petitioner Clifton Ray Choyce, by and through himself, and offer the following Response in Opposition to Respondent's Motion for Summary Judgment. In support thereof, Petitioner would show the Court the following:

## I.

## STATEMENT OF THE CASE

This is a federal petition in which the Petitioner is challenging a prison disciplinary proceeding which denied him due process and deprived him of an impartial hearing in disciplinary case number **990118440**; on December 21, 1998, which the Petitioner lost 500 days good-time credit, and was remained to line class 3. The Director have filed a motion for summary judgment, arguing that the Petitioner received the process due him, and that the Petitioner was given a fair hearing.

A. Evidence Contrary to Respondent's Motion for Summary Judgment:

   **Exhibit A:** Copy of Texas Department of Criminal Justice Disciplinary Report and Hearing Record in case number **990118440**.

22.

**Exhibit B:** Disciplinary Rules and Procedures for Inmates HandBook.

**Exhibit C:** This Court's May 20, 1998 Order Granting the Petitioner Limited Habeas Corpus Relief.

**Exhibit D:** Original Step 1 Grievance Dated December 31, 1998.

## II.

## STATEMENT OF FACTS

On February 11, 1995, petitioner was in K-1 day room when several corrections officers appeared with a tear gas gun.  The officers ordered the inmates to "rack up", go to their cells. Petitioner went to his cell door and waived at the picket officer to open the cell door, but he refused to do so.  Moments later, the inmates who were in the day room were sprayed with tear gas.

On February 14, 1995, Norma Sherman, Counsel Substitute, refused to give petitioner his written notice of the disciplinary infractions against him because of an incident on January 10, 1995, in which he had cursed her when she tried to serve him with notice of an unrelated disciplinary infraction.

At the disciplinary hearing held February 16, 1995, petitioner informed the hearing officer that he did not receive notice of the infractions against him; asked to have present the officer who was in the control picket on the night of the incident but his request was denied.  Petitioner also requested that the videotape of the incident be introduced as documentary evidence because it would show him outside his cell door waving to the control picket officer to open the door.  His request was refused on the grounds that the

2.

videotape was confidential.  At the conclusion of the hearing, petitioner was found to have participated in the riot and was sanctioned by the loss of **500 days of good-time credits.**

Petitioner filed grievances appealing the refusal to provide the videotape which were **also** denied.  Thereafter, petitioner filed a federal writ petition complaining that his due process rights were violated when the hearing officer refused to view and consider the videotape of the incident in making the guilt determination.  This Court agreed with the petitioner and granted limited habeas corpus relief by ordering the Director to either hold a new disciplinary hearing or restore petitioner's 500 days of lost good time credits, in **Choyce v. Johnson**, Civil Action No. C-95-554. **See Exhibit C.**

The Director elected to give the petitioner a new hearing on December 21, 1998, where at petitioner was: (1) deprived of an impartial disciplinary hearing; (2) denied his due process rights to call and cross-examine a witness; (3) prejudiced by being re-tried.

**GROUND TWO:**

> **Petitioner was denied of his due process rights to call and cross-examine a witness.**

On December 18, 1998, Tammy Bunton, counsel substitute served petitioner notice of the disciplinary infraction in case number 990118440, and petitioner requested as a witness, officer Hester

3.

who was in the control picket on the night of the incident.[1]

At the disciplinary hearing in this cause, the petitioner was again denied his due process rights to call and cross-examine officer Hester as a witness. Instead a statement that was allegedly given by officer Hester over the phone to counsel substitute Bunton, was introduced at the hearing. This statement was structured totally against the petitioner, and it was identical to statements made in 1995 by other officers who never testified during the original hearing. And that statement is devoided of this record.

It is highly unlikely that officer Hester gave that statement in 1998, since his statement is identical to statements made in 1995 by other officers. That will be impossible to do.

The petitioner submit to this court that he was denied the process due him when he was not permitted to call officer Hester as his witness. Counsel Substitute Bunton who was not representing the petitioner at the hearing, allegedly taken officer Hester's statement over the phone, and then introduced it.

The court should take judicial notice that Texas correction officers are permitted to give their testimony over the telephone when they are unable to attend the hearing in person; and they often do, so if the disciplinary hearing officer, and counsel substitute Bunton intended to render the petitioner a

---

[1]When the petitioner requested the control picket officer as a witness at the original hearing in 1995, the hearing officer mislead petitioner by telling him there was no way to find out who the officer was.

4.

fair and impartial hearing, they would had contacted requested witness officer Hester during the hearing in question and permitted him to testify over the phone. Blanket policies of denying live testimony of a defense witness, have generally been held unconstitutional; the reason for denying a particular witness should be related to preventing undue hazards to institutional safety or correctional goals. Ponte v. Real, 471 U.S. 491, 497, 105 S.CT. 2192 (1985). The Director can not argue that permitting officer Hester to testify during the hearing is undue hazard to institutional safety or correctional goals, because the record is clear that he just refuse to allow officer Hester to testify in this case, and the petitioner was denied his due process in the 1995 hearing and again now at the 1998 hearing. Therefore, because the Director denied the petitioner all of the due process to call a witness to which he is entitled under **Wolff v. McDonnell**, 418 U.S. 539, 556, 94 S.CT. 2963, 2975 (1974), summary judgment on this issue should be denied.

**GROUND ONE:**

> **Petitioner was deprived of an Impartial Hearing.**

The Disciplinary Hearing Officer was arbitrary and capricious. The petitioner disagree with the Director, there is evidence in the record to support this ground.

The disciplinary hearing officer found petitioner guilty just for being present during the alleged riot. He claimed that he reviewed the videotape of the incident in this case and saw

5.

the petitioner **"milling around the Dayroom in a leadership role disobeying staff orders to go to his call"**.  This is not what this honorable Court observed when she viewed the video tape herself. **See Exhibit C, pages 6-7.**

Further, the Disciplinary Hearing Officer was so bias he: (1) had the petitioner handcuffed before he was permitted to enter into the hearing room, for a hearing on this 1995 infraction. **See Exhibit A.**  There was no reason for the hearing officer to have the petitioner handcuffed at this hearing because the offense in which the petitioner was attending the hearing for allegedly occurred in 1995, and he was not following procedures. **See Exhibit B;** (2) Found the petitioner guilty of the lesser included offense of refusing to obey orders which was dismissed at the original hearing in 1995. **See Exhibit B, page 14-15.** Petitioner should had never been found guilty of the lesser included offense; and (3) assessed punishment at 500 days of loss good-time credits, the same previously taken by the disciplinary hearing officer in 1995.  Clearly the hearing officer had already decided this case before petitioner entered the hearing room.  If not, then, why the handcuffs? Why was the petitioner founds guilty of the lesser included offense? Why was the same punishment imposed?  The evidence show that the hearing officer was arbitrary, capricious and biased; there is ample evidence to support this ground. **See Smith v. Rabalais,** 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S.Ct. 1619 (1982); **Banuelos v. McFarland, 41** F.3d 232, 234 (**5th** Cir. 1995).  Therefore, summary judgment on this issue

6.

should be denied.

### GROUND THREE:

**Petitioner was prejudiced by being retried in this case.**

During the hearing, evidence was fabricated against the petitioner in this case. Sgt.Ambriz, the charging officer in this case, who could not testify at the 1995 hearing that the petitioner **"actually participanted in the alleged riot,"** testified at the 1998 hearing that the petitioner participanted in the alleged riot. This testimony prejudiced the petitioner. Surely, the charging officer's recollection of the alleged riot was not better in 1998 than it was in 1995 when he wrote the infraction on the petitioner.

Further, an inmate who successfully appealed his disciplinary conviction for which he did not receive notice of charges of the initial hearing on a timely basis, may not be given a rehearing in that case. **See Exhibit B, page 16.** Since the petitioner argued in his first petition that he did not receive notice of the charges of the initial hearing, and this Court found that the petitioner was denied his due process, the Director was banned from retryiny this case. **See Exhibit C, page 2-8. See also Exhibit D,** where the warden stated that disciplinary proceedings were handled appropriately. The Petitioner was prejudiced be being retried in this case, therefore, summary judgment on this issue should be denied.

7.

## CONCLUSION

**WHEREFORE PREMISES CONSIDERED,** the petitioner respectfully requests that this court summarily deny Director's motion for summary judgment and order the Director to restore petitioner's 500 days of lost good time credits to which he is entitled.

Respectfully submitted,

Clifton Ray Choyce
ID #380334
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

## CERTIFICATE OF SERVICE

I, Clifton Ray Choyce, petitioner, do hereby certify that a true and correct copy of the above and foregoing Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment has been served by placing same in the United States mail, on this the 27 day of October of 2000, addressed to:

Denise A. Villarreal
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711

Clifton Ray Choyce

8.

# EXHIBITS <u>NOT</u> IMAGED