IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| CLIFTON RAY CHOYCE, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
|     Respondent. | § | |

**RESPONDENT'S OBJECTIONS TO THE MEMORANDUM AND
RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent, Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("the Director"), by and through his attorney, the Attorney General of Texas, and files this Respondent's Objections to the Memorandum and Recommendation.

**I.**

This is a habeas corpus case brought by a Texas state prisoner, Clifton Ray Choyce, ("Choyce"), under 28 U.S.C. §§ 2241, 2254. The Director received the Memorandum and Recommendation, ("M&R"), on March 6, 2001, with the recommendation that summary judgment be denied. M&R at 8. The Director is filing his objections within ten days of the date of service. M&R at 8; FED. R. CIV. P. 6(a).

**II.**

The magistrate judge recommends that summary judgment be denied because no explanation was given for not allowing Officer Hester to testify and the record was void of Hester's statement. M&R 7-8. In addition, the magistrate judge recommends that a hearing should be held to determine the facts surrounding petitioner's claim that he was denied his constitutional right to due process when Officer Hester was not called as a witness in his hearing. M&R at 7.

The magistrate judge states that the Respondent offered no explanation for not allowing

Officer Hester to testify. M&R at 7. The Respondent objects to this statement. The Respondent referred in his motion for summary judgment, ("MSJ"), to the fact that the reason the witnesses (including Officer Hester) were not present at the hearing was because they were no longer located at the McConnell Unit. MSJ at 6. By this, the Respondent meant that Officer Hester had transferred to another unit since the 1995 incident. The hearing tape, ("HT"), reveals that Officer Hester had transferred to the Clemens Unit and thus was not available to attend the hearing. HT 2.0-2.2.

Next, the magistrate judge states that the record is void of evidence regarding the content of Officer Hester's statement. M&R at 7. The Respondent agrees that the hearing record submitted as Exhibit B to the MSJ does not contain Officer Hester's statement. However, it appears that the original was sent to the Respondent following the rehearing in 1998. Evidently, the copy that was retained by TDCJ did not contain the witness statements, including Officer Hester's statement. Thus, the Respondent has attached this "original" hearing record, which also contains an affidavit verifying the record. Exhibit A (copy of hearing record sent to the Director on December 21, 1998). Furthermore, Officer Hester's statement was indeed read into the record by the hearing officer. HT 6.0-6.9. The Respondent would like to point out that our office policy is to refrain from sending the hearing tape unless the court requests otherwise. Because the Respondent believes the tape will aid in disposing of the instant motion, the hearing tape will also be sent to the court under separate cover.

### III.

WHEREFORE, PREMISES CONSIDERED, the Director moves the district court to apply these objections to the instant petition and grant the Director's motion for summary judgment.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

2

                                                MICHAEL T. McCAUL
                                                Deputy Attorney General for
                                                Criminal Justice

                                                ROSS RAYBURN
                                                Assistant Attorney General
                                                Chief, Habeas Corpus Division

_/s/ Denise A. Villarreal_
**DENISE A. VILLARREAL***
Assistant Attorney General
State Bar No. 24008212
Southern Dist. No. 25,314

*Attorney-in-Charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

      I, Denise A. Villarreal, Assistant Attorney General for the State of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Objections to Memorandum and Recommendation has been served by placing same in the United States mail, postage prepaid, on this the 19th day of March, 2001, addressed to:

Clifton Ray Choyce
TDCJ-ID No. 380334
McConnell Unit
3001 S. Emily Dr.
Beeville, TX 78102

_/s/ Denise A. Villarreal_
DENISE A. VILLARREAL
Assistant Attorney General

A

ClibPDF - www.fastio.com



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Wayne Scott
Executive Director

December 21, 1998

Carolyn Merchan
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, TX 78711

Dear Ms. Merchan:

This is to inform you of actions taken in the court order in case #C-95-554. McConnell Unit Administration has elected to re-hear the disciplinary case as allowed in Judge Ellington order. Enclosed are copies of the hearing record for the hearing held on December 21, 1998 in the matter involving offender Clifton Choyce TDCJ-ID #380334.

If you need any further information, please call me at (512) 362-2300.

Sincerely,

Orlando Perez
Senior Warden II

OP/yvs

# AFFIDAVIT

THE STATE OF TEXAS

COUNTY OF BEE

     BEFORE ME, the undersigned authority, personally appeared Orlando Perez, who being duly sworn by me, deposed as follows:

     "My name is Orlando Perez. I am of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated.

     "I am the custodian of the records of the Texas Department of Criminal Justice. Attached hereto are *eight* pages of records from the Texas Department of Criminal Justice. These *eight* pages of records are kept by the Texas Department of Criminal Justice in the regular course of business, and it was the regular course of business of the Texas Department of Criminal Justice for an employee or representative of the Texas Department of Criminal Justice, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonabl soon thereafter. The records attached hereto are the original or exact duplicates of the original."

_____
Affiant

     SWORN TO AND SUBSCRIBED before me on the <u>21st</u> day of <u>December</u>, 1998

My Commission Expires:

_____

JO ANN PIEHL
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 09-19-2001

Jo Ann Piehl _____(Printed Name)
NOTARY PUBLIC in and for
the State of Texas

_____

TBY                                                                              8 DEC '98

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 990118440  TDCJ NO.: 00380334  NAME: CHOYCE, CLIFTON RAY                    FX: 5.3
UNIT: ML  HSNG: 8J31  52  JOB: ML CC UTILITY                                      ID: 081
CLASS: L3  CUST: CC  PRIMARY LANGUAGE: ENGLISH        MVMT RESTRICTIONS:          NO
GRADE: MA / GLS  OFF DATE: 02/11/95  11:45 PM  LOCATION: ML 8 BUILDING
TYPE: ID

### OFFENSE DESCRIPTION

(SEE ATTACHED FORM)

Re-Notified:                                       Sig: D Burton CS1

CHARGING OFFICER: AMBRIZ, A. SGT.                  SHIFT/CARD 3 D

### OFFENDER NOTIFICATION

TIME & DATE NOTIFIED: 1:35pm  12-18-98  BY: (PRINT) D Burton CS1    IF APPLICABLE INTERPRETER,
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Clifton Choyce                    DATE: 12-18-98
BY SIGNING BELOW YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____            DATE: _____

### HEARING INFORMATION

HEARING DATE: 12/21/98  TIME: 1130 A  TAPE# M91 123  SIDE# A  START# 263  END# 449
                                TAPE# ___  SIDE# ___  START# ___  END# ___

EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS EXAMINATION OF A
WITNESS AT THE HEARING (7) IF INTERPRETER WAS NECESSARY.

DHO Reviewed tape of Riot - No Exculpatory Evidence on I/M's Behalf. Does show I/M milling around Dayroom during incident. In Disobediance of staff orders to go to cell. EVIDENCE OF I/M'S PARTICIPATION

OFFENSE CODES:           08.0    24.0
OFFENDER PLEA: (G, NG, NONE)   NG    NG
FINDING: (G, NG, DC)            G     G
REDUCED TO MINOR(PRIOR TO DOCKET) ___ (DOCKET) ___ (HEARING) ___ BY (INITIAL) ___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER,
EXPLAIN IN DETAIL.  B - C - C/O TESTIMONY @ HEARING. D - COIII Hester
STATEMENT. D - VIDEO TAPE OF RIOT (2/11/95)

### PUNISHMENT

LOSS OF PRIV(DAYS) ___      REPRIMAND ___              SOLITARY(DAYS) ___
 *RECREATION(DAYS) ___      EXTRA DUTY(HOURS) ___       REMAIN LINE 3 ✓
 *COMMISSARY(DAYS) ___      CONT.VISIT SUSP THRU __/__  REDUC.CLASS FROM __ TO __
 *PROPERTY(DAYS) ___        CELL RESTR(DAYS) ___        GOOD TIME LOST(DAYS) 500
 *        (DAYS) ___        SPECIAL CELL RESTR(DAYS) ___ DAMAGES $ ___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
DETERRANT VALUE OF PUNISHMENT

CREDIT FOR PRE HEARING DETENTION TIME: YES(DAYS) ___ NO N/A
DATE PLACED IN PRE-HEARING DETENTION: ___         HEARING LENGTH 6 (MIN'S)
OFFENDER SIGNATURE UPON RECEIPT OF REPORT: Clifton CRC       HANDCUFFED
HEARING OFFICER (PRINT): M Hilton CAPT                       STATE CLASS COMMITTEE MEMBER

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 990118440  TDCJ NO.: 00380334  NAME: CHOYCE, CLIFTON RAY        EA: 5.3
UNIT: ML  HSNG: 8J31  52     JOB: ML CC UTILITY                        ID: 081
CLASS: L3  CUST: CC  PRIMARY LANGUAGE: ENGLISH       MHMR RESTRICTIONS: NO
GRADE: MA / GLS  OFF.DATE: 02/11/95  11:45 PM  LOCATION: ML B BUILDING
TYPE: ID

### OFFENSE DESCRIPTION

(SEE ATTACHED FORM)

CHARGING OFFICER: AMBRIZ, A. SGT.                    SHIFT/CARD: 3 D

### OFFENDER NOTIFICATION     IF APPLICABLE INTERPRETER

TIME & DATE NOTIFIED: / /   / /     BY:(PRINT)
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO IF NO, HOW DO YOU PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X _____ DATE: / /
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____        DATE: _____

### HEARING INFORMATION

HEARING DATE: 12/21/98  TIME: 1130 A  TAPE # MM173  SIDE # A  START # 263  END # 449
TAPE #          SIDE #         START #         END #

EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED TO PRE HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS EXAMINATION OF A WITNESS AT THE HEARING (7) IF INTERPRETER USED (SIGNATURE)

DHO Reviewed Tape of Riot - No exculpatory evidence on inm's behalf. Does show inm milling around dayroom during incident in disobediance of staff orders to go to cell - Evidence of his participation

OFFENSE CODES:         | 08.0 | 24.0 |
OFFENDER PLEA: (G, NG, NONE) | NG | NG |
FINDINGS: (G, NG, DS)  | G  | G  |

REDUCED TO MINOR (PRIOR TO DOCKET) (DOCKET) (HEARING) BY (INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER. EXPLAIN IN DETAIL: (B) - (C) - C/O testimony @ Hearing. (D) - C/IC Medical Statement (D) Video tape of Riot (2/11/95)

### PUNISHMENT

LOSS OF PRIV(DAYS)...       REPRIMAND..........        SOLITARY(DAYS).....
*RECREATION(DAYS)           EXTRA DUTY(HOURS)......    REMAIN LINE 3......  ✓
*COMMISSARY(DAYS)           CONT.VISIT SUSP THRU / /   REDUC.CLASS FROM    TO
*PROPERTY(DAYS)..           CELL RESTR(DAYS).......    GOOD TIME LOST(DAYS) 500
*_____ (DAYS)              SPECIAL CELL RESTR(DAYS)   DAMAGES.........$

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Deterrant Value of Punishment

CREDIT FOR PRE HEARING DETENTION TIME: YES (DAYS) ___ NO  N/A
DATE PLACED IN PRE HEARING DETENTION:  N/A       HEARING LENGTH (6) (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINDINGS: N/A        HANDCUFFED
HEARING OFFICER (PRINT)    WARDEN        STATE CLASS.COMMITTEE MEMBER

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD CONT...

CASE: 990118440  TDCJ NO.: 00380334  NAME: CHOYCE,CLIFTON RAY

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 8K1-CELL, BLOCK, DAYROOM, OFFENDER: CHOYCE,CLIFTON RAY, TDCJ-ID NO. 00380334, INTENTIONALLY PARTICIPATED WITH INMATES HICKS,NORRIS, TDCJ NO.00505593, AND DIGGS,ERNEST, TDCJ NO.00535417, AND FIFTEEN OTHER INMATES IN AN ATTEMPT TO DISRUPT THE UNIT OPERATIONS BY REFUSING TO EXIT THE K-1 CELL BLOCK, DAYROOM, AND RETURN TO THEIR CELLS AND CREATED A DANGER OF DAMAGE TO PROPERTY AND/OR INJURY TO PERSONS AND SUBSTANTIALLY OBSTRUCTED THE PERFORMANCE OF UNIT OPERATIONS. OFFENDER CHOYCE WAS ORDERED BY SGT. AMBRIZ TO GO TO HIS ASSIGNED CELL, AND SAID OFFENDER FAILED TO OBEY THE ORDER.

## TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 990118440  TDCJ NO.: 00380334  NAME: CHOYCE,CLIFTON RAY

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 8KA-CELL, BLOCK, DAYROOM, OFFENDER: CHOYCE,CLIFTON RAY, TDCJ-ID NO. 00380334, INTENTIONALLY PARTICIPATED WITH INMATES HICKS,NORRIS, TDCJ NO.00505593, AND DIGGS,ERNEST, TDCJ NO.00535417, AND FIFTEEN OTHER INMATES IN AN ATTEMPT TO DISRUPT THE UNIT OPERATIONS BY REFUSING TO EXIT THE K-1 CELL BLOCK, DAYROOM, AND RETURN TO THEIR CELLS AND CREATED A DANGER OF DAMAGE TO PROPERTY AND/OR INJURY TO PERSONS AND SUBSTANTIALLY OBSTRUCTED THE PERFORMANCE OF UNIT OPERATIONS. OFFENDER CHOYCE WAS ORDERED BY SGT. AMBRIZ TO GO TO HIS ASSIGNED CELL, AND SAID OFFENDER FAILED TO OBEY THE ORDER.

9901184440

# TDCJ - INSTITUTIONAL DIVISION
## OFFENSE REPORT

TDCJ - ID No. **380334**    Inmate: **Choyce, Clifton**    140293
(Last Name, First)

Unit: **ML**    Housing Assign.: **8K-3D**    Job Assign.: **G.S. 07**

Offense Level, Code, Title: **Level 1 Code 8 Riot Level 2 Code 24 Refusing to obey orders**

Offense Date: **2-11-95**    Time: **2345 hrs.**    General Location: **8 building Kpod 1 cellblock**

**OFFENSE DESCRIPTION:**
On the date and time listed above, and at **8 K1 cellblock dayroom**, (enter specific location)
Inmate **Choyce, Clifton**, TDCJ - ID No. **380334**, intentionally participated with inmates Hicks, Norris #505593; Diggs, Ernest #535417 and fifteen other inmates in an attempt to disrupt the unit operations by refusing to exit the K1 cellblock dayroom and return to their cells and created a danger of damage to property and/or injury to persons and substantially obstructed the performance of unit operations. Furthermore, was ordered by Sgt. Ambriz to go his assigned cell and said inmate failed to obey the order.

Additional Information:
On 2-11-95 at approximately 2345 hrs, inmates in 8 K1 cellblock were ordered to go to their assigned cells and they refused. The inmates in K1 dayroom began stretching wet towels around the cellblock doors, wrapping towels around their heads, holding a trashcan over the cellblock door gasport, yelling obscenities at security staff, and continually refusing orders to go to their cells. The inmates in the K1 dayroom were encouraging each other to rebel against security staff and were in a general state of chaos.

(Continue on an additional sheet if necessary.)

**1 8 DEC 1998**

Witnesses: _____

Name of Charging Officer/Employee (Print): **A. Ambriz**    Rank/Title: **Sgt.**

Shift: **3rd**    Card: **D**    Signature: **A. Ambriz**    Date: **02-12-95**

Approving Supervisor's Signature: _____

Was Informal Resolution Appropriate?    Officer Yes / **No**    Supervisor Yes / **No**
MHMR Restrictions: Yes / No    EA: ___    IQ: ___    Primary Language: _____

Grade: Major [**X**] Minor [ ]    Grading Official (Print): **VKP-VKP**    Rank **My**
George Stephenson

**FEB 1 4 1999**

I-210(Rev.10/93)TE

```
CCDSP005                T.D.C.J. - INSTITUTIONAL DIVISION                    12/10/98
ML - ML49                      MAJOR GRADING REPORT                          09:33:31
                                                                             PAGE   1
TDCNO: 00389334     NAME: CHOYCE,CLIFTON RAY              GOOD TIME: 0001 03 24
CLASS: L3 DSP       CUSTODY: CC                           WORK TIME: 0000 00 00
RESTRICTIONS:


**** LAST 180 DAYS CONVICTIONS
   OFF    HEAR    REPORT    OFF                        **********PENALTY(S)**********
   DATE   DATE    NUMBER    CODE  DESCRIPTORS LVL      REP/SOL/CLASS/ TIME/XD/GR/PR/CV

  092398 072998 990037027   03.0 SA           1 MA 6       R L3       30           45
  083498 082998 980404071   24.1             2 MI 9 Y
       END OF CONVICTIONS FOR LAST 180 DAYS


***** PENDING CASES
   OFF DATE       CASE NUMBER       OFF CODE     DESCRIPTORS     GRADE     DISPOSITION

    072299        980366448         24.0                          4A       DISMISSED
    021195        990118440         08.0
                                    24.0
       END OF PENDING CASES
```

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION
### Inter-Office Communications

**To** DISCIPLINARY COMMITTEE       **Date** 12/23/98

**From** J Collins           CS III       **Subject** WITNESS STATEMENT

**TIME:** 10:20 Am                    **CASE #** 990118440
**OFFICER:** _____           **RANK:** _____  **SHIFT/CARD ASSGN:** ____
**INMATE:** Hicks, Norris             **TDCJ#** 00505593  **HOUSING ASSIGN:** 410
                                                                    Coffield Unit

**STATEMENT OF FACTS BY WITNESS:**

He was not involved in the case. The officer started the riot by accidently shooting off the gas gun.

(Read)

CS-08 (Rev.07/90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
**INSTITUTIONAL DIVISION**

# Inter-Office Communications

**To** DISCIPLINARY COMMITTEE        **Date** 12-18-98

**From** J Bunton CS /              **Subject** WITNESS STATEMENT

**TIME:** 11:10 pm                  **CASE #** 990118440
**OFFICER:** A Jester,              **RANK:** COIII      **SHIFT/CARD ASSGN:**
**INMATE:** _____               **TDCJ#** _____     **HOUSING ASSIGN:** Clemens Unit 3rd Shift

**STATEMENT OF FACTS BY WITNESS:**

Via Phone.

That day (on 2-11-95) there had been a Stabbing on 8K-2 Section. We Started rakes racking up each Section starting with 2 Section. Next was 3 Section which we ended up gasing because they refused to rack up and tensions were high. By the time we got to 8K-1 Section — the inmates knew we were coming and prepared for the gas. Once we got to 1 Section — all inmates were ordered to rack-up. Many of them refused which i/m Choyce was one of them. Some inmates had gotten a trash can and placed it covering the tray-Slot on the 1 Section door. i/m Choyce was one of the inmates who were trying to seal the trash can off by using a blanket or towel. Lt. Blackwell had used a tray slot bar to move →

CS-09 (REV.07/90)  (Debinet)                                          J0622

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

# Inter-Office Communications

**To** DISCIPLINARY COMMITTEE　　　**Date** 12-18-98

**From** J Bunton CS I　　　**Subject** WITNESS STATEMENT

**TIME:** 3:20pm　　　**CASE #** 990118440
**OFFICER:** _____　**RANK:** _____　**SHIFT/CARD ASSGN:** _____
**INMATE:** _____　**TDCJ#** _____　**HOUSING ASSIGN:** _____

**STATEMENT OF FACTS BY WITNESS:**

Documentary Evidence — Video Tape

The video tape is not accessible to the inmate however the video tape has been reviewed by DHO Captain Mitton.

(Read)

CS-09 (REV.07/90)　　　J0622

# HEARING WORKSHEET

OFFENDER NAME: Choyce, Clifton   TDCJ NO: 00380334

CHARGE: 1.08.0    CHARGE: 2.24.0    OFFENSE REPORT NO: 990118440
PLEA: NG         PLEA: NG          DATE: 12-21-98

CHARGE: /        CHARGE: /
PLEA: /          PLEA: /           C/S INITIAL: JBunton CSI

**A**  1. DEFENSE: Statement at Service — I was there but wasn't involved. I was standing at my cell door (3 cell) but the picket boss wouldn't open door. The video tape will show I wasn't involved. Hearing Statement — Want Charging Ofc. present. Never participated in no riot. I was at 3 cell but Ofc. Jester wouldn't open the door.

2. WITNESSES: CS09 Ofc. Jester (Declined by CS) JB
CS09 I/m Hicks, Davis #505593 (Read by CS) JB
documentary evidence – audio tape (CS09 JBunton CS) Read X

3. QUESTIONS: No — I don't recall if I said I couldn't tell whether I/m Choyce was involved or not back in 1995 disciplinary hearing.

CHARGING OFFICER: Sgt. Ameriz          REQUESTED:  YES [✓]  NO [ ]
4. STATEMENT: Via phone.                PRESENT:    YES [ ]  NO [✓]
All inmates was instructed to go to cell. I/m Choyce refused and walked around and ignored orders. I/m Choyce threw a rag or towel over a trash can covering the trayslot.

**B**  HEARING NOTES:  UNIT DHO: Capt. Mitton    DATE: 12/21/98 @ 11:30   a.m. [✓] p.m. [ ]
Accused Waive 24 Hour Notice Right: YES [ ]  NO [✓]




**C**  SUMMATION/MITIGATION: No Similar cases x 180 days
I/m Statement – witness testimony

Request Lenient Punishment if found Guilty
FINDINGS: Guilty
DISPOSITION: RL3; 500 days Loss Good Time;                    YES [ ]  NO [✓]
THIS CONCLUDES OUR PRESENTATION, OFFENDER Choyce. WOULD YOU LIKE TO SAY ANYTHING ELSE?

| C/S CHECKLIST | YES | NO | N/A | EXPLANATION | APPL | N/A |
|---|---|---|---|---|---|---|
| OFFENDER PRESENT | ✓ | | | NON-FRIVOLOUS EVIDENCE | ✓ | |
| CS-14 | | | ✓ | CROSS-EXAMINATIONS | ✓ | |
| WITNESSES | | ✓ | | OBJECTIONS | | ✓ |
| DOCUMENTARY EVIDENCE | ✓ | | | OTHER | | ✓ |
| ACKNOWLEDGED MODIFICATION | ✓ | | | | | |
| MITIGATING | ✓ | | | ADDITIONAL INFORMATION ON BACK: | | [ ] |
| CREDIT (PHD) | | | ✓ | | | |

*CS-12 (Rev. 03/98)

# SERVICE/INVESTIGATION WORKSHEET

**OFFENDER NAME:** Choyce, Clifton     **OFFENSE REPORT NUMBER:** 990118440
**TDCJ NUMBER:** 00380334                **UNIT:** ML

**COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:**

a. Offender house in Ad Seg, PHD or Solitary
b. EA Below 5, IQ below 73
c. Literacy is questionable
d. Offender has difficulty understanding English
e. Offender has requested Counsel Substitute
f. Offender has requested witness who cannot attend the hearing
(g.) Complexity of case warrants Counsel Substitute assistance.

1. **I HAVE READ AND STUDIED THIS REPORT ON:** 12-18-98 (date)

   a. The accused offender has been charged with:   a. 1.08.0   b. 2.24.0   c. ___   d. ___

   b. The Officer's report clearly and completely describes the incident in question    YES ☑  NO ☐

   c. Charges listed were reviewed with reference to TDCJ Disciplinary Rules and Procedures    YES ☑  NO ☐

   d. Offense description in report substantiates that each of the alleged offenses were violated    YES ☑  NO ☐

   If NO, explain: _____

2. **DATE/TIME SERVED:** 12/18/98 @ 1:35 pm    **OFFENDERS PLEA:** Not Guilty

The accused was informed of the following rights:                    YES     NO

a. To call/question witnesses:                                        ☑      ☐
b. To present documentary evidence:                                   ☑      ☐
c. To be represented by Counsel Substitute:                           ☑      ☐
d. To call/question charging officer at the hearing:                  ☑      ☐
e. The offender states he/she understands report, charges and rights: ☑      ☐
f. The offender states he/she wishes to attend his/her hearing:       ☑      ☐
g. The accused offender stated he/she has violated the following offense(s):    a. ___ b. ___ c. ___ d. ___
h. The accused offender stated he/she has not violated the following offense(s): a. 1.08.0 b. 2.24.0 c. ___ d. ___
   and (1) his/her written statement has been included;
   or (2) his/her excuses, reasons, and/or defenses are documented below:
   Included are pertinent circumstances, information, witnesses' names, places, documents, times, physical evidence,
   etc. which the accused has supplied. I was there but I wasn't involved. I was standing at my cell door (3 cell) but the picket boss wouldn't open door.

**REQUESTED WITNESSES/DOCUMENTARY EVIDENCE:** The video tape will show I wasn't involved.
video tape
O/C. Nester - picket boss
Im. Dicks, Norris #505593    CO Y-1-03 cell

3. The accused offender's excuses, reasons, and/or defenses have been logically investigated. The Counsel Substitute investigation is as follows: _____

   1. 12-18-98   Reviewed Case
   2. 12-18-98   Notified I/m Choyce
   3. 12-18-98   Interviewed o/c Nester
   4.            Interviewed I/m Hicks
   5. 12-18-98   Video Tape
   6. 12-18-98   Interviewed Sgt. Amvier

   Completed Investigation

4. The Charging Officer was interviewed on __12-18-98__ (date). The officer was present with a summary of the investigation and the accused offender's statement. The charging officer was asked if he/she wanted to make any additional statements, not included in this report. _____

   1) Saw inmate Choyce standing up dayroom door, looking out to D-space. He and the others were ordered to stand by their cells doors and he refused to do so. I/m Choyce also helped in sealing off a trash can which was placed on the tray slot on section's door and being sealed with towels

5. List the portions of the investigation that appear to support the charges made against the offender:
   None: [ ] _____

   C/O report
   C/O statement
   CSO9 o/c Nester

6. List the portions of the investigation that appear to support the offender's reasons, and/or defenses:
   None: [ ] _____

   I/m statement and plea.

**THIS INVESTIGATION WAS COMPLETED ON_____(DATE)**

**Signature**
J Bunton CSI

**Printed Name**                                **APPROVING SUPERVISOR**