UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 0 2001

Michael N. Milby, Clerk of Court

CLIFTON RAY CHOYCE                  §                    43

                                 §

vs.                                 §        CIVIL ACTION NO. C-00-86

                                 §

GARY L. JOHNSON, Director, TDCJ-ID  §

SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION

A memorandum and recommendation (M&R) was filed in this matter on February 27,

2001 wherein it was recommended that respondent's motion for summary judgment be denied.

It was further recommended that an evidentiary hearing be held on the issue of whether

petitioner's due process rights were violated when he requested a particular witness at a

disciplinary hearing but his request was denied. A statement from the witness was introduced,

but he did not appear at the hearing to testify[1].

On March 20, 2001 the respondent filed objections to the M&R and the district court

ordered that the objections be considered (D.E. 25-26, 33)[2]. Counsel was appointed to

represent petitioner and petitioner and respondent were given an opportunity to expand the

record and/or to submit additional legal memoranda (D.E. 28, 34). After considering the

objections and the additional evidence offered, it is recommended that respondent's motion for

_____

[1]Please see the original M&R (D.E. 23) for a recitation of the facts and summation of relevant law.

[2]The District Court also ordered that the Magistrate Judge could disregard the evidence submitted by respondent if it was not timely filed (D.E. 33). However, in light of the fact that the respondent submitted evidence that it did not receive the M&R in the habeas corpus division until March 6, 2001, his objections were timely filed and the evidence will be considered. See FED.R.CIV.P. 6(a) and Rule 8(b)(3) of the Rules Governing Section 2254 Cases in the United States District Courts.

summary judgment be denied.  It is further recommended that petitioner's application for
habeas corpus be granted and that the 500 days of good time that he lost be restored.

The only issue in this case is whether petitioner's due process rights were violated when
he asked that Officer Hester, whom he believed worked the picket at the time of the riot, be
called as a witness.  Officer Hester was not called, but a statement from him was submitted.
No reason was ever given for the failure to call him as a witness.  At the hearing, the hearing
officer commented that the statement was taken by telephone from the Clements Unit (D.E.
39, Hrg. Tr., p. 8).  However, even if Officer Hester were working at another unit, he could
have  testified by telephone as Lt. Ambriz was allowed to do.

Prisoners in disciplinary proceedings have a qualified right to call witnesses in their
defense, but they do not have a right to confront or cross-examine witnesses.  They should be
allowed to call witnesses as long as it is not unduly hazardous to institutional safety or
correctional goals.  Wolff v. McDonnell, 418 U.S. 539, 566-568, 94 S.Ct. 2963, 2979-2981,
41 L.Ed.2d 935 (1974).  In this case, the hearing officer did not call Officer Hester, the
requested witness, but the counsel substitute interviewed him and submitted a statement from
him.  The issue of whether it is sufficient for due process purposes to have prison staff
interview requested witnesses and summarize their testimony in an unsworn report when it is
otherwise feasible to have the witness testify has been examined by three appellate courts, all
of which determined that such a policy violates due process.  Whitlock v. Johnson, 153 F.3d
380, 388 (7th Cir. 1998); Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Bartholomew
v. Watson, 665 F.2d 915, 917-918 (9th Cir. 1982); Ramer v. Kirby, 936 F.2d 1102, 1103-05
(10th Cir. 1991).

2

When prison officials exclude witnesses, they are supposed to explain the reasons for the exclusion.

> [P]rison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, but . . . they may do so either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing.  In other words, the prison officials may choose to explain their decision at the hearing, or they may choose to explain it 'later.'  Explaining the decision at the hearing will of course not immunize prison officials from a subsequent court challenge to their decision, but so long as the reasons are logically related to preventing undue hazards to "institutional safety or correctional goals," the explanation should meet the due process requirements of Wolff.

Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192, 2196, 85 L.E.2d 553 (1985).  See also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).  Respondent in this case has had ample opportunity to explain why Officer Hester was not called.  The only explanation offered for his not appearing is that he worked at another unit.  Respondent has never argued or offered any evidence that Officer Hester was excluded from testifying because of institutional safety or correctional goals.

Had respondent submitted any evidence that Officer Hester was excluded from the hearing for a valid reason, it would be recommended that an evidentiary hearing be held in this matter.  However, because respondent has given no indication that evidence exists to show that allowing Officer Hester to testify would have compromised TDCJ-ID safety or correctional goals, it is recommended that petitioner's application for summary judgment relief be granted and that his 500 days of good time be restored.

3

## RECOMMENDATION

Respondent Johnson's motion to dismiss for summary judgment (D.E. 19) should be DENIED and petitioner's application for habeas corpus relief should be GRANTED. The decision of the hearing officer in disciplinary case number 990118440 should be vacated and petitioner should be awarded the 500 days of good time he lost in that proceeding.

Respectfully submitted this _19_ day of _June_ , 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).