United States District Court
Southern District of Texas
FILED

JUL 31 2001

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CLIFTON RAY CHOYCE § | |
| § | |
| VS. § | CIVIL ACTION NO. C-00-86 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TDCJ-ID § | |

**PETITIONER'S RESPONSE TO
RESPONDENT'S OBJECTIONS TO THE
SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION**

Petitioner responds to Respondent's Objections to the Supplemental Memorandum and Recommendation as follows:

1. Petitioner incorporates by reference his Brief in Support of His Petition for Writ of Habeas Corpus.

2. Respondent asserts that because Officer Hester was adverse to Petitioner, Petitioner "had absolutely no right to confront or cross-examine this witness." In *Wolff v. McDonnell*, 418 U.S. 539 at 556, the Supreme Court stated:

> We also reject the assertion of the State that whatever may be true of the Due Process Clause in general or of other rights protected by that Clause against state infringement, the interest of prisoners in disciplinary procedures is not included in that 'liberty' protected by the Fourteenth Amendment. It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior . . . [T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

The Supreme Court further stated in *Wolff* at p. 558 that:

45.

> The touchstone of due process is protection of the individual against arbitrary action of government. . . Since prisoners . . . can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed.

A basic tenet of due process is the right to face your accuser. Because of the unique circumstances and considerations faced by prison officials conducting disciplinary hearings, the Supreme Court has limited the inmate's right to confront and cross-examine his accusers *if* doing so would be unduly hazardous to institutional safety or correctional goals. Respondent has never asserted, and cannot assert, that Petitioner's confrontation and cross-examination of Officer Hester would be unduly hazardous to institutional safety. Petitioner was handcuffed, shackled and guarded at the disciplinary hearing. He was not a threat to Officer Hester or to the peaceful conduct of the prison or its correctional goals. To the contrary, the obvious usurption of Petitioner's rights by denying him the right to cross-examine Officer Hester would have the effect of disrupting the prison's correctional goals.

Texas prison officials failed to adhere to their own rules. Officials of the Texas Department of Criminal Justice have determined that "Any witness, including the charging officer, who is unable to attend the hearing may be interviewed by telephone *during the hearing*" [emphasis added]. "Disciplinary Rules and Procedures for Inmates," Section VI, B.6. Texas prison officials also require that the written record of the disciplinary hearing include a reason for the exclusion of any witness ("Disciplinary Rules," Section VI, E.3) and for the refusal to allow confrontation and cross-examination of the inmate's accusers ("Disciplinary Rules," Section VI, E.5). TDCJ has set out the rules, and it is not in the discretion of each individual Hearing Officer to interpret or abrogate them.

2

WHEREFORE, Petitioner requests the district court to affirm the Magistrate's Supplemental Memorandum and Recommendation by denying Respondent's Motion for Summary Judgment and restoring Petitioner's good-time credit.

Respectfully submitted,

LAW OFFICE OF PAUL G. KRATZIG

Paul G. Kratzig
State Bar No. 11710500
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
Telephone: (361) 883-3563
Telecopier: (361) 883-0210

**ATTORNEY FOR PETITIONER**

OF COUNSEL:
HUSEMAN & PLETCHER
600 Leopard, Suite 2100
Corpus Christi, Texas 78473

## CERTIFICATE OF SERVICE

I certify that on this __31__ day of July, 2001, a true and correct copy of the foregoing document was served upon the following counsel of record by the method indicated below.

PAUL G. KRATZIG

**By Certified Mail,
Return Receipt Requested, to:**

RETURN RECEIPT #7099-3220-0001-2926-3399
Ms. Denise A. Villarreal
Assistant Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711

3