IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLIFTON RAY CHOYCE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TDCJ-ID | § | |

### PETITIONER'S MEMORANDUM REGARDING EVIDENCE STANDARD

Petitioner submits the following memorandum pursuant to the Court's order of October 18, 2001.

### Summary

**In the absence of case authority clearly on point, Texas rules of evidence and provisions from the Texas Administrative Code lend support for the proposition that evidence in a prison disciplinary hearing involving deprivation of good-time, including statements of witness, must be taken under oath or affirmation.**

1.   It is fundamental that an oath is required of a witness in order to ensure that the witness will speak accurately and truthfully. Likewise, statements "under penalty of perjury" are designed to ensure that the witness heeds the seriousness of the statements made. Rule 606, Texas Rules of Evidence, makes the requirement that, "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so."

2.   Counsel for petitioner has not, however, been able to locate case authority specifically addressing the issue of "whether evidence, including statements of witnesses, taken by a hearing officer in a prison disciplinary hearing must be taken under oath." However, there are provisions of the Texas Administrative Code, Texas Rules of Evidence, and analogous

situations involving administrative hearings that support the proposition that witness statements in a disciplinary hearing, whether written or oral, should be under oath.

  3. Texas rules of evidence, provisions of the Texas Government Code, and provisions of the Texas Administrative Code support the argument that due process dictates the administration of an oath or affirmation in connection with evidence offered at a disciplinary hearing resulting in loss of good time.

  a. Section 498.003(a), Texas Government Code, provides that

> Good conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term. Good conduct time is a privilege and not a right.

The Fifth Circuit has not directly addressed the issue of "whether Texas prisoners have a constitutional interest in their accrued good-time credits under current Texas law." *Hudson v. Johnson*, 242 F.3rd 534, 536 (5th Cir. 2001). The issue, however, is not solely whether good-time credit is "protected liberty interest", but whether the process for the determination of that loss of privilege is conducted in a constitutional manner. *Hudson v. Johnson*, 242 F.3rd 534 (5th Cir. 2001).

  b. Title 37 of the Texas Administrative Code entitled "Public Safety and Corrections" establishes procedures for administration of the Texas Board of Pardons and Paroles and for inmate discipline. Procedures are established by Rule 147.2, Texas Administrative Code, for the conduct of hearings by hearing officers of the Texas Board of Pardons and Paroles. Among other things, "A hearing officer shall have the following authority: (1) to administer oaths; (2) to examine witnesses . . . ." Rule 147.2. Additionally, Rule 147.5 deals with the authority of the hearing officer to invoke the rule regarding exclusion of witnesses and so forth relevant to the conduct of a hearing with due regard given to the minimal due

2

process requirements. A copy of said Texas Administrative Rules 147.2 and 147.5 are attached hereto as Exhibit **A**.

    c.    Rule 283.1, Texas Administrative Code, "Inmate Discipline Plan" charges correctional facilities with implementation of a written disciplinary plan. "Minor" and "Major" infractions are defined. Loss of "good conduct credit" is considered a "major infraction." Provision is made for "Disciplinary Due Process Requirements." The facility is required to make provisions for a disciplinary hearing "before a neutral and impartial board or officer which shall not include anyone involved in the claimed violation or charges." Rule 283.1, Sec. 3(A). Provisions shall be made for the opportunity to be present, to be heard in person and to call relevant witnesses "when not unduly hazardous to institutional safety and correctional goals." *Id*. at Sections (E) and (F). A copy of the Rule 283.1 is attached hereto as Exhibit **B**. **In this case, Choyce did not have the opportunity to call officer Hester as a relevant witness, and Petitioner did not have the benefit of requiring that the evidence against him have the minimal insurance that the witnesses against him would speak accurately and truthfully.**

    d.    Texas law even requires that an arresting officer shall submit a "sworn report of information relevant to the arrest" in situations involving administrative drivers license revocation. Sec. 524.011, Texas Transportation Code. **Loss of liberty through loss of good time credit should enjoy the same minimal safeguard as does the loss of the *privilege* of driving on the state's highways.**

    e.    Other non-judicial hearing situations likewise require evidence under oath--e.g., State Bar of Texas grievance committee proceedings, the review boards of the State Board of Public Accountancy, and numerous state agency hearing procedures. Few, if any, of these involve the loss of liberty such as entailed in the loss of good-time credit.

3

4. The Fifth Circuit has conducted a recent analysis of due process considerations in a situation involving loss of good-time credits by a Texas prison inmate accused of participation in a riot. *Hudson v. Johnson*, 242 F.3rd 534 (5th Cir. 2001). The court analyzes the Texas statute governing good-time credits and notes that "no case directly addresses the issue of whether Texas prisoners have a constitutional interest in their accrued good-time credits under current Texas law." *Id.*, at 536. Nevertheless, the Court in *Hudson* reiterates the concept ". . . that prisoners are entitled to 'those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.'" *Id.* at 537, citing *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S. Ct. 2963, 2975. "In the setting of prison disciplinary proceedings, due process requires that there be '*some* evidence to support the findings made in the disciplinary hearing.'" *Id.* at 536. Unfortunately, *Hudson* does not address the issue of administration of an oath to the witness, but at the very least, the essence of minimal due process should dictate that the witnesses statements carry the safeguard of being under oath or affirmation.

5. Finally, the authorities conducting the disciplinary rehearing in this matter failed to adhere to the correctional facilities Disciplinary Rules, Sections XIII, B, requiring notice of rehearing to be served within 30 days from the date the appeal was granted. Since no mention of this issue was made in the recent oral hearing in this cause, Petitioner respectfully directs the Court to the point within Petitioner's Brief In Support of His Petition For Writ of Habeas Corpus filed in this cause.

WHEREFORE, Petitioner requests the district court to affirm the Magistrate's Supplemental Memorandum and Recommendation by denying Respondent's Motion for Summary Judgment and restoring Petitioner's good-time credit.

4

                                        Respectfully submitted,

                                        LAW OFFICES OF PAUL G. KRATZIG

                                        _____
                                        Paul G. Kratzig
                                        State Bar No. 11710500
                                        SDTX No. 7593
                                        600 Leopard Street, Suite 2100
                                        Corpus Christi, Texas 78473
                                        Telephone: (361) 883-3563
                                        Telecopier: (361) 883-0210

                                        **ATTORNEY FOR PETITIONER**

OF COUNSEL:

HUSEMAN & PLETCHER
600 Leopard, Suite 2100
Corpus Christi, Texas 78473


## CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2001, a true and correct copy of the foregoing document was served upon the following counsel of record by the method indicated below.

_____
PAUL G. KRATZIG

**By Certified Mail,
Return Receipt Requested, to:**

**RETURN RECEIPT #7000 0600 0025 8531 8283**
Ms. Patricia K. Dyer
Assistant Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711

5

<<Prev Rule     **Texas Administrative Code**     Next Rule>>

**TITLE 37**   PUBLIC SAFETY AND CORRECTIONS
**PART 5**   TEXAS BOARD OF PARDONS AND PAROLES
**CHAPTER 147**   HEARINGS
**SUBCHAPTER A**   GENERAL RULES FOR HEARINGS
**RULE §147.2**   **Authority of Hearing Officers**

(a) A hearing officer shall have the following authority:

(1) to administer oaths;

(2) to examine witnesses;

(3) to rule on the admissibility of evidence;

(4) to rule on motions and objections;

(5) to recess any hearing from time to time and place to place;

(6) to reopen, upon order of a parole panel, or reconvene, or both, any hearing;

(7) to issue on behalf of the board subpoenas, warrants, and other documents authorized by and signed by a board member in accordance with statutory authority;

(8) to maintain order and decorum throughout the course of any proceedings held before him;

(9) to collect documents and exhibits comprising the record of the hearing;

(10) to prepare the report of the hearing and make a recommendation to the board for disposition of the case; and

(11) to act as the finder of facts and determine the weight to be given to particular evidence or testimony and to determine the credibility of witnesses.

(b) If a hearing officer fails to complete an assigned case, another officer may complete the case without the necessity of duplicating any duty or function performed by the previous hearing officer.

**Source Note:** The provisions of this §147.2 adopted to be effective November 23, 1993, 18 TexReg 8229.

Next Page     Previous Page


EXHIBIT "A"

<<Prev Rule

# Texas Administrative Code

Next Rule>>

TITLE 37  PUBLIC SAFETY AND CORRECTIONS
PART 5  TEXAS BOARD OF PARDONS AND PAROLES
CHAPTER 147  HEARINGS
SUBCHAPTER A  GENERAL RULES FOR HEARINGS
RULE §147.5  Witnesses

(a) The hearing officer may, on request or motion of a party or on his own motion, invoke the rule (regarding the exclusion of witnesses during the testimony of other witnesses), provided that the following applies.

(1) In no event shall the hearing officer exclude from the hearing a party under the authority of this section. For these purposes, the term "party" means the definition in §141.111 of this title (relating to Definitions) and includes:

(A) the releasee;

(B) the releasee's attorney; and

(C) no more than one representative of the Pardons and Paroles Division who has acted or served in the capacity of supervising, advising, or agent officer in the case.

(2) In the event that it appears to the satisfaction of the hearing officer that an individual who is present at the hearing and intended to be called by a party as a witness has no relevant, probative, noncumulative testimony to offer on any material issue of fact or law, then the hearing officer, in his sound discretion, may determine that such individual should not be placed under the rule and excluded from the hearing.

(b) All witnesses who testify in person are subject to cross-examination unless the hearing officer specifically finds good cause for lack of confrontation and cross-examination.

(c) Witnesses personally served with a subpoena and who fail to appear at the hearing, and upon good cause determined by the hearing officer, may present testimony by written statement.

**Source Note:** The provisions of this §147.5 adopted to be effective November 23, 1993, 18 TexReg 8229.

Next Page    Previous Page

<<Prev Rule

Next Rule>>

# Texas Administrative Code

**TITLE 37**    PUBLIC SAFETY AND CORRECTIONS
**PART 9**    TEXAS COMMISSION ON JAIL STANDARDS
**CHAPTER 283**    DISCIPLINE AND GRIEVANCES
**RULE §283.1**    Inmate Discipline Plan

Each sheriff/operator shall develop and implement a written disciplinary plan, approved by the Commission, governing inmate conduct. The plan shall provide for the firm, fair, and consistent application of rules and regulations. Facilities housing contracted TDCJ-ID inmates may adhere to TDCJ-ID disciplinary policies and procedures for these inmates, when they are housed together, and separately from all other inmates. Facilities housing federal inmates may adhere to federal disciplinary policies and procedures for these inmates, when they are housed together, and separately from all other inmates. For purposes of inmate discipline, violations of institutional rules and regulations shall be divided into Minor Infractions and Major Infractions.

(1) Minor Infractions. Violations of rules and regulations which do not represent serious offenses against persons and do not pose a serious threat to institutional order and safety. Sanctions shall be limited to:

(A) counseling;

(B) verbal or written reprimand;

(C) in podular, direct supervision facilities, temporary restriction to cells for a period not to exceed twenty-four hours;

(D) loss of privileges for a period not to exceed fifteen days; and

(E) disciplinary separation for a period not to exceed fifteen days.

(2) Major Infractions. Violations of rules and regulations which constitute serious offenses against persons and property and pose a serious threat to institutional order and safety. Sanctions may include:

(A) loss of good conduct credit;

(B) loss of privileges for a period not to exceed thirty days;

(C) removal from work details or programs; and

(D) disciplinary separation for a period not to exceed thirty days.

(3) Disciplinary Due Process Requirements.

EXHIBIT "B"

(A) provisions shall be made for a disciplinary hearing before a neutral and impartial board or officer which shall not include anyone involved in the claimed violation or charges;

(B) provisions shall be made for the selection of a disciplinary board and disciplinary officer. In facilities of 50 capacity or less, this may be one person. Disciplinary hearings may be conducted by a disciplinary officer for incidents defined as Minor Infractions;

(C) provisions shall be made for at least twenty-four hours written notice to be given to the inmate of the claimed violation or charges against him/her;

(D) provisions may be included for inmates to waive the right to a disciplinary hearing provided proper notification is given prior to the signing of the waiver. The waiver shall include the appropriate identification of charges, the allowable sanctions, and the sanctions offered by the waiver. A waiver shall not include the loss of good time as a sanction;

(E) provisions shall be made for the disclosure of the evidence against the person charged with the violation, although confidential informants may be protected;

(F) provisions shall be made for an opportunity to be heard in person and to present documentary defensive evidence when not unduly hazardous to institutional safety and correctional goals.

(G) provisions shall be made for inmates to call relevant witnesses on his or her behalf for disciplinary hearings when not unduly hazardous to institutional safety and correctional goals;

(H) provisions should be made permitting the inmate to seek the aid of another inmate if the inmate is illiterate or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case. If that is not permissible, substitute aid from the staff or from an inmate designated by the staff shall be provided;

(I) provisions shall be made for a written statement by the disciplinary board or disciplinary officer at the conclusion of the hearing indicating the evidence relied upon and reasons for the disciplinary action taken. The statement shall be delivered to the inmate and the Sheriff/Operator and shall be placed in the inmate's disciplinary file; and

(J) provisions shall be made for a documented appeals process, if requested by the inmate, by a person or persons not a member of the disciplinary board.

(4) The following sanctions are prohibited:

(A) deviation from normal feeding procedures;

(B) corporal punishment;

(C) administration of any form of disciplinary action or supervision by inmates;

(D) deprivation of clothing or bedding; inmates who destroy bedding or clothing may be deprived of such items. This shall be reviewed and documented every twenty-four hours;

(E) use of a violent cell;

(F) deprivation of items necessary to maintain an acceptable level of personal hygiene;

(G) deprivation of correspondence privileges when the offense is unrelated to a violation of the institutional rules and regulations regarding correspondence. In no case shall privileged correspondence be suspended; and

(H) deprivation of physical recreation or physical exercise.

**Source Note:** The provisions of this §283.1 adopted to be effective June 14, 1996, 21 TexReg 5004; amended to be effective December 29, 1997, 22 TexReg 12791; amended to be effective December 22, 1999, 24 TexReg 11520; amended to be effective May 3, 2000, 25 TexReg 3796

Next Page        Previous Page



HOME | TEXAS REGISTER | TEXAS ADMINISTRATIVE CODE | OPEN MEETINGS | HELP |