IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**United States Bankruptcy Court**
**Southern District of Texas**
**FILED**

**OCT 3 1 2001**

**Michael N. Milby, Clerk of Court**

| | | |
|---|---|---|
| *CLIFTON CHOYCE,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE ,* | § | |
| *INSTITUTIONAL DIVISION* | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S RESPONSE
## TO THIS COURT'S ORDER OF OCTOBER 19, 2001

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, ("Director") Director of the Texas Department of Criminal

Justice, Institutional Division ("TDCJ-ID"), Respondent, by and through her attorney, the Attorney

General of Texas, and files this Respondent Cockrell's Response to This Court's Order of October

19, 2001.

On October 19, 2001, the court ordered the Director to submit a memorandum of authorities

on the issue of whether evidence, including statements of witnesses, taken by a hearing officer in a

prison disciplinary hearing must be taken under oath. Additionally the court ordered copies of

statutes, rules, and regulations and all prison procedures and policies in the manner in which a prison

disciplinary hearing is conducted, including the qualifications, function, and duties of counsel

substitute.

### Evidence presented at disciplinary hearings.

The Director has found no case law, statute, rules, policies, or procedures that require

testimony at a prison disciplinary hearing be under oath. However, the evidence need not be in

conformance with the Federal Rules of Evidence. *Hudson v. Johnson*, 242 F. 3d 534, 537 (5th Cir.

2001) (Pogue, J. specially concurring). Furthermore, the Supreme Court has not imposed such a

59.

requirement in its holding in *Wolff*, or its progeny. *See Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 2979-81 (1974). The Court, by its silence on whether testimony should be taken under oath, has impliedly held that there is no such requirement.

The standard of proof required in a disciplinary hearing is necessarily lower than that demanded in criminal, parole-probation revocations, or civil proceedings. *Smith v. Rabalais*, 659 F.2d 539, 546 (5th Cir. 1980) *cert. denied* 455 U.S. 992, 102 S. Ct. 1619 (1982). An officer may offer the hearsay testimony of a prison informer, and it is sufficient to form the basis for a disciplinary action against a prisoner. *Smith*, 659 F.2d at 546. A hearing officer must determine whether the hearsay testimony of a confidential informant is reliable. *See Broussard v. Johnson*, 253 F.3d 874, 876-77. Unlike an unknown confidential informant, Hester's identity was known and therefore, the hearing officer did not need to delve into the reliability of Hester.

Under *Wolff*, a disciplinary hearing has limited due process. Compare that the differences that the court imposed in parole revocation hearings in *Morissey* to the due process required in *Wolff*. *See Wolff, supra; Morissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972). The Supreme Court recognized the distinctions and refused to enforce the due process requirements of *Morissey*. The Fifth Circuit has held that admission of hearsay statements at a parole revocation hearing denies the parolee an *opportunity to confront an adverse witness*, and has violated the due process rights of the parolee. *Farrish v. Mississippi State Parole Board*, 836 F.2d 969, 978 (5th Cir. 1988). A disciplinary hearing does not require the same due process as a parole revocation. Choyce has no right to confront and cross-examine an adverse witness. *See Wolff v. McDonnell*, 418 U.S. 539, 566-68, 94 S. Ct. 2963, 2979-81 (1974); *Baxter v. Palmigiano*, 425 U.S. 308, 322-23, 96 S. Ct. 1551, 1560 (1975). Given the distinction between parole revocation due process and disciplinary hearing due process, the Director believes there is no requirement for testimony to be under oath. Therefore, the admissibility of Hester's hearsay statement does not deprive Choyce of any due process rights.

Furthermore, "[f]ederal courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of "some facts" or "any evidence at all"." *Stewart*

2

*v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984). The requirements of due process are satisfied if "some evidence" supports the decision by the disciplinary board and the court is not required to examine the entire record or make an independent assessment of the credibility of witnesses. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774 (1985). The hearing officer is to weigh and interpret the evidence and make credibility determinations. *Hudson*, 242 F.3d at 537, 539. No *de novo* review of factual findings made by a disciplinary board is required. *Smith*, 659 F. 2d 545. In finding no bar to hearsay testimony, the Director believes that to reconsider the credibility of Hester's statement is nothing more than a *de novo* review of a factual finding.

**Counsel substitutes.**

Due process does not require that an inmate have any representative appointed to assist or aid the inmate in a prison disciplinary hearing. Under the due process guidelines of *Wolff*, the Court held that if the inmate were illiterate or the complexity of the issue makes it unlikely that the inmate will be able to adequately comprehend the case, the inmate is *free* to seek the aid of a fellow inmate, or aid from the staff. *Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982. Assistance to an inmate may be provided by counsel substitute, who may be may be a competent fellow inmate, a correctional staff member, or a law student. *Wolff*, 418 U.S. at 592, 94 S. Ct. at 2992 (Marshall, J. concurring and dissenting). There is no constitutional right to appointed or retained counsel in a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. at 315, 96 S. Ct. at 1556; *Wolff*, 418 U.S. 570, 94 S. Ct at 2981. Additionally, there is no constitutional right to assistance at a disciplinary hearing (although *Wolff* implied in limited circumstances assistance might be required). *Wolff*, 418 U.S. at 570, 94 S. Ct. at 2982 The Court specifically held that introduction of counsel would reduce the utility of disciplinary hearings as a means to further correctional goals. *Wolff*, 418 U.S. at 570, 94 S. Ct. at 2981. The Court has made clear that an inmate, correctional staff member, or law student may act as an assistant to inmate, and it is unrealistic that the Court intended to hold these assistants to the standard of a licensed attorney in their role as an aid to the inmate.

3

Federal courts "may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948 (1982); *Fierro v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989), *cert. denied*, 494 U.S. 1060, 110 S. Ct. 1573 (1990). The Director does not concede that counsel substitute made any errors in the assistance she provided to Choyce. However, even if there were error, the error would fall into the category of violations of disciplinary rules and procedures, not an error of constitutional dimension. Failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Choyce was provided all due process required under *Wolff*.

**Records**

The court ordered respondent to include statutes, rules, regulations and prison policies and procedures regarding disciplinary hearings. Attached are the following exhibits.

EXHIBIT A    Administrative Directive AD-03.76 (Rev. 2)

EXHIBIT B    TEX. GOV'T CODE § 493.001 (West 2001)

EXHIBIT C    TEX. GOV'T CODE § 494.002 (West 2001)

EXHIBIT D    TEX. GOV'T CODE § 493.0052 (West 2001)

EXHIBIT E    Administrative Directive AD-04.35 (Rev. 3)

EXHIBIT F    CONFIDENTIAL INFORMANT CASES

EXHIBIT G    DISCIPLINARY HEARING OFFICER MANUAL

EXHIBIT H    COUNSEL SUBSTITUTE JOB DESCRIPTION

EXHIBIT I    COUNSEL SUBSTITUTE MANUAL

EXHIBIT J    DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

4

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division


PATRICIA K. DYER*
Assistant Attorney General
State Bar No. 24027302

*Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## CERTIFICATE OF SERVICE

I, Patricia K. Dyer, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Response to This Court's Order of October 19, 2001, has been served by placing same in the United States mail, postage prepaid, on this the 30th day of October, 2001, addressed to:

Paul G. Kratzig
Attorney at Law
600 Leopard Street
Corpus Christi, Texas 78473


PATRICIA K. DYER
Assistant Attorney General

5

# EXHIBITS
# NOT
# IMAGED