IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLIFTON CHOYCE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| JANIE COCKRELL, Director-TDCJ-ID | § | |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

The respondent's motion for summary judgment (D.E. 19) is granted and the petitioner's application for writ of habeas corpus (D.E. 1) pursuant to 28 U.S.C. §§2241 and 2254 is denied. The Court has reviewed the memorandum and recommendation (D.E. 23) of the magistrate judge filed on February 27, 2001; the supplemental memorandum and recommendation (D.E. 43) filed by the magistrate judge on June 19, 2001; and the parties' pleadings and memoranda, including the respondent's objection (D.E. 44) to the magistrate's supplemental memorandum and recommendation. The magistrate's final recommendation was that the respondent's motion to dismiss for summary judgment be denied, that the petitioner's application for writ of habeas corpus be granted, that the decision of the hearing officer in disciplinary hearing case 990118440 be vacated, and that the petitioner be awarded the 500 days of good time lost in that proceeding. The Court rejects the magistrate's recommendation and finds that the disciplinary hearing of which petitioner complains met the constitutional standards of Wolff v. McDonnell, 94 S.Ct. 2963 (1974).

Petitioner contends that he was denied the right to confront Officer Hester during petitioner's disciplinary hearing. During the hearing, petitioner's counsel substitute, acting as petitioner's agent, submitted to the hearing officer a statement from Hester which implicated petitioner in the prison riot. (Exh. A to D.E. 44). The petitioner is not entitled to confront a disciplinary hearing witness under <u>Wolff</u>. <u>Id.</u> at 2980-81. If petitioner contends that he was denied the right to call Hester as a witness, the Court finds that petitioner had no right to call Hester because Hester is a witness adverse to petitioner as suggested by the respondent.

The Court further finds that there is no requirement for testimony to be given under oath during disciplinary hearings. While sworn testimony would be obviously be preferable, <u>Wolff</u> makes no such requirement.

Accordingly, the Court grants respondent's motion for summary judgment and denies petitioner's application for writ of habeas corpus.

ORDERED this _11_ day of _____, 2001.

_____
H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE