

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CLIFTON RAY CHOYCE** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. C-00-86** |
| | § | |
| **JANE COCKRELL, DIRECTOR-TDCJ-ID** | § | |

## STATEMENT OF ISSUES IN SUPPORT OF APPEAL

CLIFTON RAY CHOYCE, Petitioner in the above-styled and numbered cause, submits the following statement of issues pursuant to the provisions of 28 U. S. C. §2253(c)(2). In support of this statement Petitioner would show "that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further." *Hill v. Johnson*, 210 F. 3rd 481, 484 (5th Cir. 2000) *Drinkard v. Johnson* F. 3rd, 751, 755 (5th Cir. 1996)). Each of these issues relate to the disciplinary hearing conducted within the Texas prison system for the purpose of determining whether Petitioner should be disciplined for alleged disruption of unit operations and refusal to obey orders. The hearing resulted in loss of good time credits by Petitioner.

1.  **Issue No. 1. Whether utilization as evidence of oral hearsay statements, not under oath, attributable to a prison guard (also not under oath) who did not appear at the hearing, constitutes a deprivation of due process.**

    a.  Petitioner requested that Officer Hester, a witness to the alleged infraction of prison rules, be made available as a live witness for the purpose of interrogation as to whether or not said officer had observed Petitioner in violation of the prison rules. Officer Hester was not made available for questioning at the hearing, but counsel

substitute offered into evidence statements attributable to Officer Hester, which statements were considered in the making of a determination that Petitioner had violated prison rules.

   b. As to the issue of whether testimony must be sworn, neither Petitioner nor Respondent were able to cite any authority for the proposition that testimony during disciplinary hearings should or should not be under oath. This Court indicated that *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974), the landmark case governing Petitioner's rights during disciplinary hearings, makes no requirement for testimony to be given under oath. (Order Granting Respondent's Motion for Summary Judgment and Denying Petitioner's Application for Writ of Habeas Corpus, p. 2). However, the failure of *Wolff* to make a requirement for the submission of sworn in such hearings does not dispose of the issue since *Wolff* did not directly address such issue. Therefore, the issue of whether or not such testimony, if material, should be sworn is an open-ended question for consideration for the Court of Appeals.

   2. **Issue No. 2. Whether the failure by Texas prison authorities to permit Petitioner to call Officer Hester at the disciplinary hearing constitutes a violation of Petitioner's Constitutional rights.** Although *Wolff* and other case authorities do not grant an absolute right to call and confront witness, such right exists when the institutional safety and correctional goals are not jeopardized. Further, Rule 283.1, Texas Administrative Code, "Inmate Discipline Plan" charges correctional facilities with implementation of a written disciplinary plan. Loss of "good conduct credit" is considered a major infraction which calls for provisions before a neutral and impartial board or officer. Additionally, the Texas Administrative Code provides for the

2

opportunity to call relevant witness "when not unduly hazardous to institutional safety and correctional goals" Rule 283.1, Texas Administrative Code, §§(E) and (F). (A copy of such rules was attached to Petitioner's Memorandum Regarding Evidence Standard filed in this Court on October 26, 2001.) The Court of Appeals should be entitled to consider whether the failure to call Officer Hester, under the circumstances of this case, constituted a violation of Petitioner's due process rights in light of the Texas Administrative Code's mandate to prison officials to provide for the calling of relevant witnesses when such would not be hazardous to institutional safety and correctional goals.

3. **Issue No. 3. Whether Petitioner was deprived of effective assistance of "counsel substitute" to a degree sufficient to deny him the basic due process principles mandated by *Wolff v. McDonnell*, 418 U.S. 539; 94 S.Ct. 2963 (1974).**

Petitioner did not originally raise the issue of effective assistance of counsel in his original petition although the issue was implied by the failure of such counsel substitute to call Officer Hester as a live witness. Petitioner recognizes that the counsel substitute procedure may generally satisfy the *Wolff* requirements and that licensed attorneys are not required to be furnished. However, the concept of competence and discharge of duty to the inmate is implicit in the term "counsel" even if such is a "substitute." Counsel substitute made no showing of efforts made to call office Hester as a live witness. Officer Hester could have been made available at the hearing, and there was no evidence that there was either a hazard to institutional safety or other legitimate impediment to the appearance of Hester. As noted by the United States Magistrate Judge in her Memorandum and Recommendation dated February 23, 2001, ". . . the hearing officer

did not call Officer Hester, the requested witness, but the counsel substitute interviewed him and submitted some sort of statement from him." (Magistrate Judge's Memorandum, p. 6) Further, "It is assumed that the statement was oral because the records of the disciplinary hearing . . . did not include a written statement from Hester." *Id.*

Counsel substitute not only submitted as evidence an oral statement that was adverse to Petitioner, but also failed to demonstrate efforts to bring Hester to the hearing for purposes of allowing Petitioner to confront him and ask questions, either directly or through counsel substitute. In short, counsel substitute did not provide the minimal representation required in such proceedings in order to be consistent with due process. Where loss of good conduct credit is considered a "major infraction" substitute counsel should meet minimum standards for due process to be served.

                                      Respectfully submitted,

                                      LAW OFFICES OF PAUL G. KRATZIG

                                      Paul G. Kratzig
                                      State Bar No. 11710500
                                      SDTX No. 7593
                                      615 N. Upper Broadway, Suite 900
                                      Corpus Christi, Texas 78477
                                      Telephone: (361) 888-5564
                                      Telecopier: (361) 888-5366

                                      **ATTORNEY FOR PETITIONER**

## CERTIFICATE OF SERVICE

I certify that on this 6th day of February, 2002, a true and correct copy of the foregoing document was served upon the following counsel of record by the method indicated below.

PAUL G. KRATZIG

**Sent by Certified Mail,**
**Return Receipt Requested, to:**

Ms. Patricia K. Dyer
Assistant Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711

5

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **CLIFTON RAY CHOYCE** § | |
| § | |
| VS. § | CIVIL ACTION NO. C-00-86 |
| § | |
| **JANE COCKRELL, DIRECTOR-TDCJ-ID** § | |

## ORDER CERTIFYING ISSUES FOR APPEAL

The Court has considered Petitioner's Statement of Issues In Support of Appeal in the above entitled and numbered cause and finds "the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further." *Hill v. Johnson*, 210 F. 3rd 481, 484 (5th Cir. 2000) *Drinkard v. Johnson* F. 3rd, 751, 755 (5th Cir. 1996)). It is, therefore,

ORDERED that Petitioner, Clifton Ray Choyce, shall be, and he is hereby, GRANTED leave to appeal as to the following issues:

1. Issue No. 1. Whether utilization as evidence of oral hearsay statements, not under oath, attributable to a prison guard (also not under oath) who did not appear at the hearing, constitutes a deprivation of due process.

2. Issue No. 2. Whether the failure by Texas prison authorities to permit Petitioner to call Officer Hester at the disciplinary hearing constitutes a violation of Petitioner's Constitutional rights.

3. Issue No. 3. Whether Petitioner was deprived of effective assistance of "counsel substitute" to a degree sufficient to deny him the basic due process principles mandated by *Wolff v. McDonnell*, 418 U.S. 539; 94 S.Ct. 2963 (1974).

1

Signed this _____ day of December, 2001.

                                                  _____
Hayden W. Head, Jr.
UNITED STATES DISTRICT JUDGE

2