IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLIFTON CHOYCE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-86 |
| | § | |
| JANIE COCKRELL, Director-TDCJ-ID | § | |

## ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

On December 11, 2001, the Court entered final judgment denying petitioner's application for habeas relief under 28 U.S.C. §§ 2241 and 2254. Petitioner timely filed a notice of appeal and subsequently filed a statement of the issues for which he seeks a certificate of appealability as required by 28 U.S.C. § 2253(c)(1),(2). Those issues are:

(1) whether utilization as evidence of oral hearsay statements, not under oath, attributable to a prison guard (also not under oath) who did not appear at the hearing, constitutes a deprivation of due process;

(2) whether the failure by Texas prison authorities to permit petitioner to call Officer Hester at the disciplinary hearing constitutes a violation of petitioner's constitutional rights; and

(3) whether petitioner was deprived of effective assistance of "counsel substitute" to a degree sufficient to deny him the basic due process principles mandated by Wolff v. McDonnell, 94 S.Ct. 2963 (1974).

To obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve

1

encouragement to proceed further." <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997)(quoting <u>Barefoot v. Estelle</u>, 103 S.Ct. 3383, 3394 n.4 (1983)). Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1604 (2000).

Applying this standard, the Court grants the petitioner a certificate of appealability for issues one and two, but denies petitioner's request as to issue three. Regarding issue three, "inmates do not have a right to either retained or appointed counsel in disciplinary hearings." See <u>Baxter v. Palmigiano</u>, 96 S.Ct. 1551, 1556 (1976). As petitioner had no constitutional right to counsel, he could not have been deprived of the effective assistance of counsel. See <u>Wainwright v. Torna</u>, 102 S.Ct. 1300, 1301 (1982).

ORDERED this 21 day of Feb, 2002.

_____
H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

2