IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
SEP 30 2002
CHARLES R. FULBRUGE III
CLERK

No. 02-40134
Summary Calendar

CLIFTON RAY CHOYCE,

                 Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                 Respondent-Appellee.

United States Courts
Southern District of Texas
FILED
OCT 24 2002
Michael N. Milby, Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
(C-00-CV-86)

---

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

  Petitioner-Appellant Clifton Ray Choyce, Texas prisoner # 380334, appeals from the denial of his 28 U.S.C. § 2254 petition. The district court granted Choyce a certificate of appealability (COA) as to whether his due process rights were violated by (1) the use of Officer Hester's unsworn, hearsay statement at Choyce's prison disciplinary hearing or (2) the refusal of prison officials to permit Choyce to call Officer Hester as a disciplinary hearing

---

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witness. In addition, Choyce requests on appeal that we address whether he was deprived of effective assistance of counsel substitute at the prison disciplinary hearing.

An inmate is afforded only circumscribed due process rights in a prison disciplinary proceeding. The Supreme Court has refused to hold, in the context of prison disciplinary proceedings, that an inmate's due process rights are coextensive with those of free citizens. Wolff v. McDonnell, 418 U.S. 539, 556, 563-66 (1974). Among other things, the Court does not forbid the use of unsworn hearsay statements in prison disciplinary hearings.

Wolff also forecloses Choyce's argument that the refusal of prison officials to permit him to call Officer Hester as a defense witness violated his due process rights. Choyce complains that he was not allowed to question Officer Hester about his (Hester's) version of the events. In Wolff, however, the Court refused to construe the Constitution as imposing the requirement that inmates be allowed the right of confrontation and cross-examination in disciplinary proceedings. Id. at 567.

Choyce also contends that Officer Ambriz's telephone testimony violated Choyce's due process rights. Choyce was not, however, granted a COA by the district court on that issue, and he has not expressly sought to expand that court's grant of COA to include it. We are therefore without jurisdiction to consider it. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

Finally, we reject Choyce's argument that he was denied effective assistance of counsel substitute. As a prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing. See Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976). His request for COA on this issue is DENIED.

AFFIRMED.